ZEBEDEE RING, DAVID A. BOKEE, ROBERT S. HONE, AND JOHN P. HONE, EXECUTORS OF PHILIP HONE, DECEASED, AND CORNELL S. FRANKLIN, COMPLAINANTS, *v.* HUGH MAXWELL.

The tariff act of 1842, (5 Stats. at Large, 548,) provided that if the appraised value of merchandise should exceed, by ten per centum or more, the invoice value, an additional duty should be imposed of fifty per centum of the duty imposed on the same, where fairly invoiced.

The act of 1846, (9 Stats. at Large, 42,) reduced this additional duty to twenty per centum.

Although this additional duty may have been considered as a penalty, and as such, a moiety given to the officers of the custom-house, under the act of 1842, and the same disposition of it would have been made under the act of 1846, if there had been no other legislation, yet the act of February, 1846, (9 Stats. at Large, 3,) declares that it shall not be considered a penalty for the purpose of being distributed.

Therefore, the additional duty of twenty per centum, levied by the collector, under the 8th section of the act of July 30, 1846, is not to be considered as a penalty, one moiety whereof is to be distributed amongst the officers of the custom-house.

THIS case came up from the circuit court of the United States for the southern district of New York, upon a certificate of division of opinion between the judges thereof.

The facts of the case are stated in the opinion of the court.

It was argued by *Mr. Ring*, for the complainants, and by *Mr. Cushing*, (attorney-general,) for the defendant.

There were five questions certified from the circuit court, and argued here. As the arguments covered the whole ground, and the court decided only one of the points, the reporter has concluded to omit the arguments of counsel altogether.

Mr. Justice CURTIS delivered the opinion of the court.

This case comes before us, upon a certificate of division of opinion of the judges of the circuit court of the United States for the southern district of New York. The certificate shows that a suit in equity is pending in that court, wherein persons who were the naval officer and surveyor of the port of New York, are complainants, and Hugh Maxwell, who was the collector of that port, is respondent, and that the scope of the bill is to recover one moiety of a large sum of money levied and collected as additional duties, under the 8th section of the tariff act, of July 30, 1846, (9 Stats. at Large, 43;) during the time while the complainants held the offices above mentioned. Upon the hearing of this cause, the judges were opposed in opinion upon the following questions : —

" Whether, upon a true construction of the revenue laws of the United States, the additional duties of 20 per centum, which have been levied and collected by and paid to the defendant, as collector of the port of New York, at the port of New York, as

stated in his answer, under and by virtue of the 8th section of the act entitled ' An act for reducing the duties on imports, and for other purposes,' passed July 30, in the year 1846, were to be treated as penalties, and one moiety thereof divided between and paid in equal proportions to and among the collector, naval officer, and surveyor of the port of New York, holding said offices at the time of the levying, collection, and payment thereof, in the said port of New York, as claimed by the plaintiffs, in their bill in this cause."

The 8th section of the act of July 30, 1846, after requiring the collector to cause the dutiable value of the imports therein referred to, to be appraised, estimated, and ascertained, in accordance with the provisions of existing laws, goes on to enact, " and if the appraised value thereof shall exceed, by ten per centum or more, the value so declared on the entry, then, in addition to the duties imposed by law on the same, there shall be levied, collected, and paid, a duty of twenty per centum, ad valorem, on such appraised value." The question is, whether the sums levied, collected, and paid under this clause, were by law distributable as penalties, one moiety to the treasury of the United States, and the other moiety among the collector, naval officer, and surveyor.

To render any sum of money collected for the government, thus distributable, it is not doubted that some act of congress, directing that distribution, must be found; and the complainant's counsel has sought for such a law, by arguing that these additional duties must be treated as penalties, levied for the offence of undervaluation, against the directions and in contravention of the requirements of the revenue laws; and that if they are penalties, they are required to be distributed by different collection laws to which he has referred, and which he urges have been made applicable by congress to the sums of money now in question. We do not find it necessary to determine whether these additional duties might have been deemed penalties, so as to come under the terms of either of the collection laws which have directed the distribution of penalties among certain officers of the customs; nor do we deem it important to examine in detail, the provisions of those collection laws, and the manner in which they have been, from time to time, rendered applicable, in part or in whole, to the different acts levying duties and penalties.

Because, we are all of opinion, that whatever may be the nature of the sums levied, as additional duties, under the 8th section of the tariff act of 1846, they are not distributable as penalties.

To exhibit the reasons on which this opinion is founded, it is necessary to refer first to the tariff act of August 30, 1842. The

Ring et al. *v.* Maxwell.

26th section of that act, provided that the laws existing on the 1st day of June, 1842, shall extend to and be in force for the collection of the duties imposed by this act, &c., and for the recovery, collection, distribution, and remission of all fines, penalties, and forfeitures, and for the allowance of the drawbacks by this act authorized, as fully and effectually as if every regulation, restriction, penalty, forfeiture, provision, clause, matter, and thing in the said laws contained, had been inserted in and reënacted by this act.

The 16th and 17th sections of the same act, prescribe the manner in which merchandise, subject to ad valorem rates of duty, shall be appraised, and its dutiable value ascertained; and then the 17th section enacts: "That in all cases where the actual value to be appraised, estimated, and ascertained, as hereinbefore stated, of any goods, wares, and merchandise, imported into the United States, and subject to any ad valorem duty, or whereon the duty is regulated by or directed to be imposed or levied on the value of the square yard, or other parcel, or quantity thereof, shall exceed, by ten per centum or more, the invoice value, then in addition to the duty imposed by law on the same, there shall be levied and collected on the same goods, wares, and merchandise, fifty per centum of the duty imposed on the same where fairly invoiced."

These being provisions of the tariff act of 1842, the complainants' argument is, that the additional duties levied under its 17th section, were made distributable by its 26th section; that the 8th section of the act of 1846 only changed the amount of the penalty in the cases it reached; that, whereas, by the 17th section of the act of 1842, if the appraisement should exceed the invoice value ten per centum, fifty per centum of the duty was the penalty, by the act of 1846, twenty per centum of the appraised value was to be the penalty; that this was the only change made; although the 26th section of the act of 1842, which made penalties distributable under the then existing laws, applied, in terms, only to the penalties levied by that act, yet those laws of distribution are applicable to this penalty under the act of 1846, which must be considered as substituted in place of the penalty levied by the act of 1842, and to be governed by the same provisions of law as were applicable to the additional duty, by way of penalty, under that act of 1842.

There is great force in this argument. The tariff act of 1846 is an act fixing new rates of duty on imports. It does not contain any provisions for the collection of those duties, nor for the collection or distribution of any penalties. It does not, in terms, adopt the existing laws on those subjects, nor declare that they shall be deemed applicable to the duties and penalties which it

13 *

levies; yet it is obvious that it must have been intended that those existing laws should be thus applied; and this can only be effected, by considering the duties and penalties levied by the act of 1846, as substitutes for, and to be governed by the same rules as, the corresponding duties and penalties levied by the act of 1842, which did, in terms, adopt and apply the existing laws for the recovery, collection, and distribution of duties and penalties.

We accede, therefore, to the positions that the additional duty levied by the act of 1846, is only a substitute for that levied under the act of 1842, and that whatever rule was in force when the act of 1846 was passed, concerning the distribution of the additional duty levied by the 17th section of the act of 1842, is also in force, and is to be applied to the additional duty under the 8th section of the act of 1846, which is here in question. So that the only remaining inquiry is, what was that rule?

We think this question is answered by the 3d section of the act of February 11, 1846, (9 Stat. at Large, 3,) " that no portion of the additional duties provided for by the 17th section of the act of August 30, 1842, entitled, &c., shall be deemed a fine, penalty, or forfeiture, for the purpose of being distributed to any officer of the customs; but the whole amount thereof, when received, shall be paid directly into the treasury."

This enacts a rule concerning the distribution of the additional duties under the act of 1842; and as the additional duties under the act of 1846 are substitutes for, and to be governed by the same rules, as to distribution, as those levied under the former law, it necessarily follows that they are not distributable.

It has been argued that this 3d section of the act of February 11, 1846, is expressly limited to the additional duties levied under the 17th section of the act of 1842; and therefore cannot govern the distribution of those levied under the act of 1846. But so the 26th section of the act of 1842, which adopts former laws, applies them only to the duties and penalties levied under that act; and this is the only authority for applying any laws to the distribution of the penal duties now in question. The complainant is obliged to argue that, though limited in terms to that act, it applies to rates of penal duty afterwards substituted by the act of 1846, in place of those prescribed by the act of 1842. We have declared the argument sound; but it must be allowed its full and just effect. The implication is not that the laws for the collection and distribution of penalties, as they had existed at some prior period, or as they had been applicable to other penalties, were silently adopted by the act of 1846; but that the laws for the collection and distribution of additional duties by way of penalty, as those laws existed when the act

of 1846 was passed, must be deemed applicable to the new additional duty by way of penalty prescribed by that act; and when the act of 1846 was passed, the previous general law 'for the distribution of penalties had been modified, and the additional duty for which that in question is substituted, had been declared not distributable. The consequence is that though the act of 1846 may be considered as providing for both duties and penalties, subject, as to their collection and distribution, to existing laws, yet as there was no law in force by which additional duties, levied for undervaluation, were made distributable, there can be no adoption of any existing law on that particular subject, and no distr ation can take place.

Perhaps this may be illustrated by supposing that the substance of the 3d section of the act of February 11, 1846, had been incorporated into the 26th section of the act of 1842, by way of proviso. So that at the same time when the act of 1842 adopted all existing laws concerning the distribution of penalties, it had declared that the additional duties to be levied under the 17th section, should not be distributable as penalties, but should be paid into the treasury. Certainly, it could not then have been argued that the act of 1846 had merely changed the rate of additional duty, and had silently adopted the existing laws concerning its distribution, and still that it was distributable. Yet the effect of this subsequent enactment, of February 11, 1846, when made, upon the act of 1842, is the same as if it had been incorporated therein. It is *in eadem materia*, and both are to be construed as one law, the last controlling and modifying the first, as if it made a part of it.

The fallacy of the argument, on the part of the complainants, consists in going back to former laws concerning the distribution of other penalties, and considering them to be applicable to this penalty, when the existing law, applicable in terms to a penalty *ejusdem generis*, and for which this penalty is a substitute, declares that it is not distributable.

Our opinion is, that the first question certified by the circuit court, must be answered in the negative.

There are other questions certified, but as the one above decided necessarily disposes of the case, we do not deem it needful to consider and respond to them.

## *Order.*

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the southern district of New York, and on the points or questions on which the judges of the said circuit court were divided in

opinion, and which were certified to this court for its opinion, agreeably to the act of congress in such case made and provided, and was argued by counsel. On consideration whereof it is the opinion of this court that the first question certified by the circuit court in this case must be answered in the negative, to wit: That upon a true construction of the revenue laws of the United States, the additional duties of 20 per centum, which have been levied and collected by and paid to the defendant, as collector of the port of New York, at the port of New York, as stated in his answer, under and by virtue of the 8th section of the act entitled "an act for reducing the duties on imports, and for other purposes," passed July 30, in the year 1846, were not to be treated as penalties, and one moiety thereof divided between and paid in equal proportions to and among the collector, naval officer, and surveyor of the port of New York, holding said officers at the time of the levying, collection, and payment thereof, in the said port of New York, as claimed by the plaintiffs in their bill in this cause.

And this court is further of opinion that, as the decision of the first question in the negative necessarily disposes of the case, it is unnecessary to consider and respond to the other questions certified; whereupon it is now here ordered and adjudged by this court, that it be so certified to the said circuit court.