No. 2,215.

IN THE MATTER OF THE ESTATE OF WILLIAM CURRY, DECEASED.

STATUTORY CONSTRUCTION.—DESCENTS AND DISTRIBUTIONS.—The word *children*, where it occurs in the third subdivision of Section 1 of the Statute of Descents and Distributions, does not include the grandchildren, but is confined to the immediate offspring of the deceased brother or sister.

APPEAL from the Probate Court of the City and County of San Francisco.

The facts are stated in the opinion.

*H. P. Barbour, M. C. Blake* and *C. T. Botts*, for Respondents.

*First*—In its ordinary, popular and legal signification, the word *children* does not include *grandchildren*. (Webster's Dictionary; Bouvier's Law Dictionary; Will. on Executors, p. 375; 2 Williams on Executors, 4th Am. Ed. *942; 2 Jarmon on Wills, 3d Am. Ed. 51 [69]; Domat's Civil Law, Cushing's Ed. Vol. II, Sec. 2791; 2 Redfield on Wills, 336–9; 1 Roper on Legacies, 68; *Tier* v. *Pennell et al.* 1 Ed. Ch. 356; *Stires* v. *Van Rensslaer*, 2 Brad. 172; *Cromer* v. *Pickner*, 3 Barb. Ch. 466–475; *Phillips' Devisees* v. *Beall et ux.* 9 Dana, 1; *Hallowell* v. *Phipps*, 2 Whart. 376.)

In the construction of wills, the Courts have held that the word *children* may include grandchildren, or issue generally, where otherwise the will would be inoperative, and where the intention to use the word in the broader sense is *clearly* indicated by other words of the instrument. (1 Roper on Legacies, 2d Am. from 4th Lon. Ed. p. *68; *Tier* v. *Pennell et al.* 1 Ed. Ch. 354.)   But even in wills, this construction is not adopted, unless a strong case of intention or necessary implication requires it; but the word *children* is understood in its popular signification, viz: as designating immediate offspring. (Burrill's Law Dictionary; Preston on Law of Legacies, 202; *Osgood* v. *Lovering*, 3 Red. Me. 464; *Hughes* v. *Hughes*, 12 B. Mon. 115; *Morratt* v. *Carow*, 7 Paige, 328.)

*H. P. Irving,* for Appellants in reply.

According to the civil law, the word "*children*" comprehends all the descendants. By Article 25 of the Civil Code of Louisiana, it is enacted that under the name of children are comprehended not only children of the first degree, but grandchildren, great-grandchildren and other descendants in the direct line. This statute of the Louisiana Code is but the embodiment of the civil law upon this point. (Domat's Civil Law, Cushing's Ed. Vol. II, Secs. 2791 and 2793; *Davis* v. *Rowe,* 6 Randolph, 355.)

WALLACE, J., delivered the opinion of the Court, RHODES, C. J., TEMPLE, J., and SPRAGUE, J., concurring :

This is an appeal from a decree of distribution made by the Probate Court of the City and County of San Francisco. The decedent departed this life intestate, having never been married, and leaving neither father nor mother surviving him. He left surviving him, however, a sister, Mrs. Wade; also, a nephew, Robert C. Nock; and a niece, Sarah A. Bunton, the last two being respectively the children of two sisters of the intestate who had departed this life before him. It is conceded that under the Statute of Descents and Distributions these persons, being respectively the surviving sister and the nephew and niece of the intestate, are entitled to share in the distribution of his estate. But the decedent had a fourth sister, who married a Mr. Shaw; both she and her husband departed this life in the lifetime of the decedent, leaving surviving them a son of theirs, named George Shaw, a nephew of decedent, who, dying also in the lifetime of the decedent, left surviving the decedent four children, viz: John, Camilla, Mary and George W. Shaw, who, of course, are respectively grand nephews and grand nieces of the decedent. The Court below excluded these grand nephews and grand nieces from any share in the estate, and the correctness of its decree in that respect is brought in question upon this appeal. The determination of the controversy involves the construction of that portion

of the third subdivision of the first section of the Statute of Descents and Distributions, which is as follows :

" *Third*—If there be no issue, nor husband, nor wife, nor father, then in equal shares to the brothers and sisters of the intestate, and to the children of any deceased brother or sister by right of representation ;" and the exact question is, whether or not the *grandchildren* of the deceased, Mrs. Shaw, are to be considered as her "*children*" within the expression of the statute, and, as such children, entitled to the share which their father would have taken had he survived the intestate.

There is no doubt that in the popular understanding the word "children" does not include grandchildren, but is confined to the descendants in the first degree—the immediate offspring ; and it may generally be said, too, that the construction put upon this word by law accords with its popular signification. In the judicial construction of wills, where rules of interpretation are often greatly relaxed, the word is considered as not including by mere expression the descendants in the second degree, in the absence of other phrases or of circumstances showing that the testator really used the word in a more comprehensive sense, in which case, of course, the ordinary meaning will be extended so as to support his ascertained intention.

The statutory provision under consideration is one which regulates the distribution of property in the *collateral* descending line, and we think that the word "children" should receive the construction which, as we have said, comports with its usual legal and popular definition. Upon the point involved here, too, our statute seems to substantially conform to the English statute of Charles II, which was in turn borrowed from the 118th Novel of Justinian, and the general rule of both the novel and of the statute of Charles is, that among collaterals representation is not admitted after the immediate offspring of brothers and sisters.

Decree affirmed.

CROCKETT, J., expressed no opinion.