| 104 | 11 |
|-----|-----|
| 112 | 478 |

| 104 | 11 |
|-----|-----|
| f152 | 422 |

</div>

IN THE MATTER OF THE ESTATE OF THEODORE CHAPOTON, DECEASED. APPEAL OF ELIZABETH N. PHELPS, GUARDIAN OF EDGAR AND ARTHUR CHAPOTON, MINORS.

*Descent of property—" Children"—Right of representation.*

The word " children," as used in 3 How. Stat. § 5772a, subd. 2,[1] which provides that, if the intestate shall leave no issue, father, or mother, his or her estate shall descend, subject to the provision made in said section for the widow or husband, if a widow or husband survive the deceased, in equal shares to his or her brothers and sisters, and the *children* of deceased brothers and sisters, by right of representation, does not include the grandchildren of a deceased brother or sister of the intestate.

Error to Wayne. (Hosmer, J.) Argued January 11, 1895. Decided January 22, 1895.

---

[1] Amended by Act No. 200, Laws of 1893.

Appeal from an order of the probate court denying the right of the wards of the appellant to share in the distribution of the estate of their granduncle. The guardian brings error from a judgment of the circuit court affirming the order appealed from. ·Affirmed. The facts are stated in the opinion.

*Griffin & Warner,* for appellant.

*John W. A. S. Cullen* and *Sidney T. Miller,* for the estate.

HOOKER, J.   This record raises the question of the right of grandchildren of a deceased brother to inherit a portion of the estate of the intestate, in a case where brothers and ·sisters of the intestate survived him. This depends upon the construction of the word "children" in the second subdivision of section 5772*a,* 3 How. Stat., which provides that—

"If the intestate shall leave no issue, father, or mother, his or her estate shall descend, subject to the provision herein made for the widow or husband, if a widow or husband survive the deceased, in equal shares to his or her brothers and sisters, and the children of deceased brothers and sisters, by right of representation."

How. Stat. § 2, subd. 1, provides that, in the construction of the statutes,—

"All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning."

The commonly accepted definition of the word "child" is, "a son or a daughter; a male or female descendant in the first degree." Webst. Dict.   "Grandchildren" are rarely called "children," the word "descendants" being

ordinarily considered more comprehensive than the word "children" or "grandchildren;" and the term "children" cannot be said to have a technical or peculiar meaning in the law, though it has been held to extend to "grandchildren" in some cases. In Bouv. Dic. tit. "Child," it is said: "The term 'children' does not, ordinarily and properly speaking, comprehend 'grandchildren,' or issue generally, yet sometimes that meaning is affixed to it in cases of necessity." *In re Curry's Estate*, 39 Cal. 529; *Adams v. Law*, 17 How. 417. We shall find this statement of Bouvier confirmed in many cases involving wills, although cases are not rare where the term "children" has been held coextensive with "issue" or "descendants." Such holdings are not put upon the ground that the word "children" has a technical or peculiar meaning in the law, but because such meaning is necessary to give effect to the instrument, or because of an evident intent upon the part of a testator. It is in deference to the rule that the intent is to be sought after and given effect in the construction of wills, which may be done to the extent of holding illegitimate children to be included in the term "children," though the law ordinarily excludes them. See .Bouv. Dic. tit. "Child," subd. 3; *In re Curry's Estate, supra;* 4 Kent, Comm. 345. In *Reeves v. Brymer*, 4 Ves. 698, cited by counsel, the court said that "'children' may mean 'grandchildren' where there can be no other construction, but not otherwise." *Pride v. Fooks*, 3 De Gex & J. 252.

In this connection we may profitably consider the statute under discussion. The first subdivision provides that property shall descend to the children of the intestate, and to the issue of any deceased child by right of representation. The same subdivision declares that, if no child of the intestate be living at his death, his estate shall descend to all his other lineal descendants, etc. Here it is noticeable

that the word "child" is unquestionably used in the ordinary sense. The third subdivision provides that if the intestate shall leave no issue, . husband, widow, father, mother, brother, sister, nor children of brother or sister, his estate shall descend to his next of kin in equal degree, where they claim through ancestors equally near. This subdivision again uses the word "children" in close proximity to the term "issue," indicating an understanding of the difference in meaning between them. It also contains clear evidence that it was not the intention to apply the right of representation to cases where property descends to collateral heirs, beyond certain limits. It also discriminates between collateral kindred of the same degree, by favoring those having the nearest ancestor. It is manifest that, in the opinion of the lawmakers, the right of representation must end somewhere. If not there would be no occasion for providing for a descent to the next of kin *in equal degree.* We may think that grand nieces and nephews are too near to be excluded; others might think that the right of representation should be much further extended. It was for the Legislature to fix the point where it should end, and we see no way of avoiding the conclusion that this was done intelligently. So long as there are lineal descendants, the right of representation is preserved, but, in dealing with collateral relations, it has been as carefully restricted. The courts of Massachusetts have taken this view of the statute of that state, which is similar. *Bigelow v. Morong,* 103 Mass. 287.

We do not feel justified in holding that the word " children," where used in the statutes, has the same meaning as the word " issue " or " descendants," and are constrained to affirm the judgment of the circuit court.

McGRATH, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.