## FALTER v. WALKER *et al.*

No. 6300.   Opinion Filed June 1, 1915.

(149 Pac. 1111.)

1. **STATUTES—Construction.** One of the most elementary canons governing the construction of statutes is that, if the language used by the Legislature conveys a definite meaning which involves no absurdity, nor any contradiction of any other parts of the statute, then that meaning apparent on the face of the statute must be accepted.

2. **DESCENT AND DISTRIBUTION—"Children.".** "Children," with respect of parentage, means sons and daughters, of whatever age, and the term is never held to include grandchildren or more remote descendants, unless a strong case of intention or necessary implication requires it.

3. **SAME—"Children of any Deceased Brother or Sister."** The term "children of any deceased brother or sister," as used in the third subdivision of section 8418, Rev. Laws 1910, has reference to the sons and daughters of such brother or sister, and does not include grandsons and granddaughters or other more remote descendants.

(Syllabus by the Court.)

*Error from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

Action by Hiram Falter, by his guardian, F. F. Falter, against J. C. Walker, administrator of the estate of W. D. Loving, and others.   Judgment for defendants, and plaintiff brings error.   Affirmed.

*B. C. King* and *Gray & McVay*, for plaintiff in error.

*J. F. McKeel*, for defendants in error.

KANE, C. J.   This was an action commenced for the purpose of determining the devolution of the estate of W. D. Loving, deceased.   The plaintiff in error is a grandchild of a sister of the deceased, and the defendants in error are the administrator of his estate and his sisters. The cause was tried upon an agreed statement of facts in the county court, which held that, inasmuch as it was

agreed that the decedent left no issue, nor wife, nor father, nor mother, his property descended to his sisters in exclusion of the plaintiff in error. Upon an appeal to the district court the same conclusion was reached, and it is to reverse this action of the district court that this proceeding in error was commenced.

The determination of the controversy herein involves the construction of that part of section 8418, Rev. Laws 1910, which provides:

"When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner: * * *

"Third. If there be no issue, nor husband nor wife, nor father, nor mother, then in equal shares to the brothers and sisters of the decedent, and the children of any deceased brother or sister, by right of representation. * * *"

The plaintiff in error contends that the word "children" in the above statute should be held to mean "descendants," and therefore, he being a grandchild of a deceased sister and a grandnephew of decedent, he is entitled to participate in the distribution of the estate by right of representation.

We know of no possible theory upon which this contention can be sustained. One of the most elementary canons governing the construction of statutes is that, if the language used by the Legislature conveys a definite meaning which involves no absurdity, nor any contradiction of any other parts of the statute, then that meaning apparent on the face of the statute, must be accepted. *Kerr v. State*, 33 Okla. 110, 124 Pac. 284.

Generally, "children," with respect of parentage, means sons and daughters, of whatever age, and the term is never held to include grandchildren or more remote descendants, unless a strong case of intention or necessary

implication requires it.    There is nothing in any part of the foregoing .statute, nor in the general laws of descent and distribution of this state, to indicate that the Legislature intended the word "children," as used therein, should be given any other than its popular meaning, which also accords with its legal signification, namely, as designating immediate offspring.    In the construction of wills, where greater latitude is allowed in order to effect the intention of the testator, sometimes grandchildren have been allowed to take under a devise "to my surviving children"; but even in such circumstances the word "children" will not be construed to mean "grandchildren," except to effect the obvious intention of the testator.    *Adams v. Law,* 17 How. 417, 15 L. Ed. 149.

We are, therefore, of the opinion that the county court and the district court were right in excluding the plaintiff from participating in the distribution of the estate of his deceased granduncle.

The Supreme Court of California had occasion to construe an identical statute in the *Matter of the Estate of William Curry, Deceased,* 39 Cal. 529, and reached the same conclusion.

For the reason stated, the judgment of the court below is affirmed.

All the Justices concur.