## LOWREY v. LE FLORE.

No. 4650.    Opinion Filed June 15, 1915.

(149 Pac. 1112.)

1.  **DESCENT AND DISTRIBUTION—"Children."** Ordinarily, the word "children" means the immediate offspring, and does not include "grandchildren."

2.  **SAME.** The word "children," as used in subdivision 3 of section 8418, Rev. Laws 1910, which provides that, if there be no issue, nor husband, nor wife, nor father, nor mother, the estate of an intestate descends in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation, does not include grandchildren of a deceased brother or sister of the intestate.

(Syllabus by Robberts, C.)

*Error from District Court, Le Flore County;*
*W. H. Brown, Judge.*

Action by S. Lee Lowrey against Mack H. Le Flore. Judgment for defendant, and plaintiff brings error. Affirmed.

*Hale & Lunsford* and *White & Du Bois,* for plaintiff in error.

*Jones & Lester,* for defendant in error.

Opinion by ROBBERTS, C.  This case comes here on appeal from Le Flore county, and involves a question of inheritance, and thereby, a construction of the laws of succession and distribution in this state.

The record shows that the plaintiff in error, S. Lee Lowery, commenced this action in the district court of Le Flore county, alleging that he was the owner of an undivided one-eighth interest in certain real estate in that

county, and that the defendant in error, Mack H. Le Flore, claimed to be the sole and only owner of said entire property. And plaintiff prayed to have the title to said one-eighth interest in said real estate settled and quieted in him. The plaintiff claims title by conveyance from Kizzie Woods, who was the grandniece of Mary Le Flore, the deceased owner of the land, as will be hereinafter fully explained. The defendant answered, denying title in plaintiff, and prayed that title to the entire tract be settled and quieted in himself as the sole and only heir of said Mary Le Flore. A copy of the deed from Kizzie Woods to plaintiff is attached to the petition and is not questioned.

On the trial of the case the parties entered into an agreed statement of facts, which includes all the evidence, and is as follows:

"It is agreed by and between S. Lee Lowrey, the plaintiff above named, and Mack H. Le Flore, the defendant above named:

"(1)    It is agreed that Mary LeFlore was a full-blood Choctaw Indian, whose roll number was 8915, and that the said allottee died intestate on the night of the 22d day of June, A. D. 1911, and that at the time of her death she had no father, no mother, no husband, no sister, no brother, and no issue, and that she received from the government of the United States, as her part and parcel of land from the Choctaw and Chickasaw Tribes of Indians, the following described real estate, and that she was in actual possession of same, as follows, to wit: [Here follows description of land set out in petition.]

"(2)    It is agreed by and between the parties hereto that Mary Le Flore, deceased, had one brother, Wallace Le Flore, who died in the year 1864, leaving the following children and heirs of Mary Le Flore: First, Mack H. Le Flore, this defendant, who was living at the time of the death of Mary Le Flore on the 22d day of June, 1911,

and who is now living; second, Lizzie Holson, a sister of Mack H. Le Flore, and a daughter of Wallace Le Flore.

"(3) And it is expressly agreed that the said Lizzie Holson was a niece of the said Mary Le Flore, deceased, and that the said Lizzie Holson died near Summerfield, Le Flore county, Okla., on Monday night, September 5, 1910.

"(4) It is agreed by and between the parties hereto that Kizzie Woods was a daughter of Lizzie Holson, and that Stephen Woods is the husband of Kizzie Woods.

"(5) That Isabella Burns, Suckey Holson, and Nancy Le Flore were each sisters of Mack H. Le Flore, and daughters of Wallace Le Flore, and that the said Isabella Burns, Suckey Holson, and Nancy Le Flore died long prior to the death of Mary Le Flore, above mentioned.

"(6) It is agreed between the plaintiff and defendant in this action that the copy of a deed attached hereto and made a part of this agreed statement of facts is a true, correct, and exact copy of a deed executed by Kizzie Woods and her husband, Stephens Woods, to this plaintiff, S. Lee Lowrey.

"(7) It is agreed that Mack H. Le Flore is a son of Wallace Le Flore, deceased, a brother of the intestate, Mary Le Flore.

"(8) It is also agreed that Mack H. Le Flore is a full-blood Choctaw Indian, whose roll number is 8821.

"(9) It is also agreed by the parties hereto that Kizzie Woods is a Choctaw Indian, whose roll number is 6015, and whose quantum of Indian blood is one-fourth, and that the said Kizzie Woods is a daughter of Lizzie Holson, who was the daughter of Wallace Le Flore, a brother of Mary Le Flore, deceased.

"(10) It is also agreed by the parties hereto that Lizzie Holson is the mother of Kizzie Woods, and a sister of Mack H. Le Flore, the defendant."

From the foregoing agreed statement of facts we find that Mary Le Flore, a full-blood Choctaw Indian, died intestate in 1911. At the time of her death she was the owner of certain real estate in Le Flore county, Okla., and had no father, no mother, no husband, no sister, no brother living, and no issue. She had one brother, Wallace Le Flore, who died in 1864. Wallace Le Flore had two children: First, Mack H. Le Flore, this defendant, now living; second, Lizzie Holson, a daughter, who died in 1910. Kizzie Woods is a daughter of Lizzie Holson, and a granddaughter of Wallace Le Flore, who was the brother of Mary Le Flore. The plaintiff herein is the grantee of Kizzie Woods, and therefore the owner of any interest that said Kizzie Woods might have had in the real estate owned by Mary Le Flore at the time of her death. In other words, the plaintiff herein, S. Lee Lowrey, is the grantee of Kizzie Woods, who is the daughter of Lizzie Holson, deceased, who was the daughter of Wallace Le Flore, deceased, who was the brother of Mary Le Flore, deceased, who was the owner of the land in controversy at the time of her death.

From the foregoing facts we have squarely presented the question whether the defendant, Mack H. Le Flore, the nephew and nearest of kin of Mary Le Flore, became the sole and only heir and owner of her estate, or did Kizzie Woods, the child of Mack's deceased sister, inherit through her mother, Lizzie Holson? The trial court concluded, as a matter of law, and we think correctly, that Mack H. Le Flore was the only heir, and that, Kizzie Woods not being a child of a brother or sister of the intestate ( a niece), but a grandniece, she was not an heir, and did not inherit. The law of succession and distribu-

tion involved herein is found in subdivisions 3, 4, and 6 of section 8418, Rev. Laws Okla. 1910, Ann., as follows:

"Third. If there be no issue, nor husband nor wife, nor father, nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. * * *

"Fourth. If the decedent leave no issue nor husband nor wife, nor father and no brother or sister is living at the time of his death, the estate goes to his mother, to the exclusion of the issue, if any, of deceased brothers or sisters. * * *

"Sixth. If the decedent leave no issue, nor husband or wife, and no father or mother, nor brother nor sister, the estate must go to the next of kin, in equal degree, excepting that when there are two or more collateral kindred, in equal degree, but claiming through different ancestors, those who claimed through the nearest ancestors must be preferred to those claiming through an ancestor more remote."

The third subdivision covers this case, and provides:

"If there be no issue, husband, wife, father nor mother, then * * * to the children of any deceased brother or sister."

What or who is meant here by the term "children"? Mack H. Le Flore is the child of Wallace Le Flore, a deceased brother of the intestate. Kizzie Woods is not a child of a brother or sister of the intestate, but a grandchild of Wallace Le Flore, the brother of the intestate, and therefore does not come within the language of the statute. Counsel for plaintiff in error contends that the term "children," as here used, is synonymous with the word "issue," and includes grandchildren, and upon the same reasoning would include all descendants down the line as far as it could be traced. We do not so understand the

law, nor the word as it is here used. So far as we have been able to learn, this statute has never been construed by this court, so far as it relates to the question in hand. The statute seems to have come to us from California via Dakota, and we find that the Supreme Court of the former state passed upon the question and construed this particular section long before it was adopted by the territory of Oklahoma. In the matter of the *Estate of William Curry, Deceased*, 39 Cal. 529, that court says:

"The determination of the controversy involves the construction of that portion of the third subdivision of the first section of the statute of descents and distributions which is as follows: 'Third. If there be no issue, nor husband nor wife, nor father, then in equal shares to the brothers and sisters of the intestate, and to the children of any deceased brother or sister by right of representation.' And the exact question is, whether or not the grandchildren of the deceased, Mrs. Shaw, are to be considered as her 'children' within the expression of the statute, and, as such children, entitled to the share which their father would have taken had he survived the intestate. There is no doubt that in the popular understanding the word 'children' does not include grandchildren, but is confined to the descendants in the first degree—the immediate offspring; and it may generally be said, too, that the construction put upon this word by law accords with the popular signification. * * *

"The statutory provision under consideration is one which regulates the distribution of property in the collateral descending line, and we think that the word 'children' should receive the construction which, as we have said, comports with its usual legal and popular definition. Upon the point involved here, too, our statute seems to substantially conform to the English statute of Charles II, which was in turn borrowed from the 118th Novel of Justinian, and the general rule of both the novel and of the statute of Charles is that among collaterals representa-

tion is not admitted after the immediate offspring of brothers and sisters. Decree affirmed."

That decision was approved in 1897, in the case of *Guardianship of Caffrey, Deceased,* 5 Cof. Pro. Dec. (Cal.) 439, where it is said,:

"If a person dies without leaving surviving issue, wife, father, mother, brother, or sister, but leaving a niece and a grandniece, the grandniece is not entitled, under subdivision 3 of this section, to inherit from the estate."

In speaking upon the same subject involving a like statute and question the Supreme Court in *Peeler v. Peeler,* 68 Miss. 147, 8 South. 393, say:

"The obvious and usual signification of the word employed, 'children,' and the manifest intention of the Legislature in enacting the statute, alike, require us to declare that grandchildren are not included in the phrase employed in the statute being considered."

Having the same question before it, the Supreme Court of Nebraska, in *Brown v. Brown,* 71 Neb. 209, 98 N. W. 721, 115 Am. St. Rep. 576, 8 Ann. Cas. 635, declare:

"It is argued at some length that the court erred in overruling the demurrer to the petition of intervention. As such petition stood when the demurrer was overruled, it was based on the theory that the intervenors, who, it will be remembered, are grandchildren of the testator, were included within the term 'children' in the residuary clause of the will. That theory, to our minds, is untenable. It is a familiar rule of construction that, ordinarily, words should be taken in the sense in which they are commonly used. It is a matter of common knowledge that, in ordinary conversation and the affairs of life, the word 'child' is commonly used to designate a son or daughter, a male or female descendant of the first degree. Such is Webster's definition of the term, and such is its primary

signification according to all standard lexicons. It is safe to say that, standing alone, it is never understood to mean 'grandchildren.' Bouvier says: 'The term "children" does not, ordinarily and properly speaking, include grandchildren or issue generally.' "

The same proposition was before the Supreme Court of Michigan in *Estate of Chapoton*, 104 Mich. 11, 61 N. W. 892, 53 Am. St. Rep. 454, in which they say:

"The word 'children,' as used in a statute providing that, if the intestate shall leave no issue, father, or mother, his or her estate shall descend, subject to the provision therein made for the widow or husband, in equal shares to his or her brothers and sisters, and the 'children' of deceased brothers and sisters, by right of representation, does not include the grandchildren of a deceased brother or sister of the intestate."

"Ordinarily, the word 'children' means the immediate offspring, and does not include 'grandchildren.' " *(Shanks v. Mills*, 25 S. C. 362.)

In *Waldron v. Taylor*, 52 W. Va. 284, 289, 45 S. E. 336, 338, it is said:

"The term 'children' does not, ordinarily and properly speaking, comprehend grandchildren or issue generally."

To the same effect are *Van Cleve v. Van Fossen*, 73 Mich. 342, 41 N. W. 258; *Adams v. Law*, 58 U. S. (16 How.) 150, 14 L. Ed. 880; 1 Woerner on Administrators, 156; 2 Underhill on Wills, 711.

From a careful consideration of this statute and the construction placed upon like statutes of other states by their respective courts, we are clearly of the opinion that the word "children," as used in subdivision 3 of section 8418, Rev. Laws 1910, does not include grandchildren.

Since writing this opinion our attention has been called to the case of *Hiram Falter, Guardian of F. F. Falter, v. J. C. Walker, Administrator* [47 Okla. 527, 149 Pac. 1111] decided by Chief Justice Kane of this court within the last few days, in which he, in a clear and concise opinion, lays down the same rule of construction adopted herein, as follows:

"The term 'children of any deceased brother or sister,' as used in the third subdivision of section 8418, Rev. Laws 1910, has reference to the sons and daughters of such brother or sister, and does not include grandsons or granddaughters, or other remote descendants."

That case is decisive of the question involved here, and upon that authority alone this case should be affirmed.

By the Court: It is so ordered.