## BURNS *et al.* v. TIFFEE.

No. 5757.        Opinion Filed October 12, 1915.

(152 Pac. 368.)

1.  **DESCENT AND DISTRIBUTION—Manner of Distribution— "Children."** The term "children" of any deceased brother or sister, as used in the third subdivision of section 8418, Rev. Laws 1910, has reference to the sons and daughters of such brother or sister, and does not include grandsons or granddaughters or other remote descendants.

2.  **DESCENT AND DISTRIBUTION — Manner of Distribution.** Where deceased at the time of her death left no husband, no issue, no father nor mother, and no brothers or sisters, but left

as her sole kindred the son of a deceased brother, and various grandchildren of said brother, the son of said brother takes the whole estate to the exclusion of said grandchildren.

(Syllabus by the Court.)

*Error from District Court, LeFlore County;*
*W. H. Brown, Judge.*

Action by H. F. Burns and others against S. C. Tiffee. Judgment for defendant, and plaintiffs bring error. Affirmed.

*White & Dubois,* for plaintiffs in error.

*Jones & Lester,* for defendant in error.

HARDY, J. Plaintiffs in error began this action in the district court of LeFlore county, on March 5, 1913, against defendant in error and others, seeking partition of the lands described in their petition. Defendant in error, Tiffee, filed answer, denying plaintiffs' right as set out in their petition, and asserting title in himself. Answer was filed by defendant Lowry, in which he admitted the truth of the allegations of plaintiffs' petition, and consented that judgment might be rendered as therein prayed. To the answer of defendant Tiffee plaintiffs filed reply, and on May 8, 1913, the parties entered into an agreed statement of facts upon which the case was submitted to the court without a jury. By the agreed statement of facts it appears: That Mary Le Flore was a fullblood Choctaw Indian, who died intestate in LeFlore county, on June 2, 1911, that at the time of her death she had no living father, mother, brother, sister, husband, or issue, and that she had received as her allotment the lands described, for which patent had been issued. That she had one brother, Wallace Le Flore, who died in the year 1864, leaving surviving him the following children: (1) Issabella Burns, who died in the year

1885, leaving surviving her certain children; (2) Lizzie Holson, who died September 5, 1910, leaving surviving her two children, Kizzie Woods and another; (3) Mack H. Le Flore, who is now living, and who is a fullblood Choctaw Indian; (4) Nancy Le Flore, who died in the year 1891, without issue; and (5) Suckey Holson, who died in the year 1891, leaving surviving her certain children, named in the agreed statement of facts. It was further agreed that on February 28, 1912, Mack H. Le Flore conveyed by warranty deed to the defendant S. G. Tiffee all of his right, title, and interest in and to said real estate in controversy, which deed was duly acknowledged and approved on March 4, 1912, by the county court of LeFlore county, as required by law; and that said defendant, S. G. Tiffee, was at the time of the trial in the exclusive possession of the real estate involved. It was further agreed that Kizzie Woods, above named, was duly enrolled as a Choctaw Indian of the one-fourth blood, and on July 10, 1911, said Kizzie Woods, by warranty deed duly executed and delivered, conveyed to the defendant S. Lee Lowry all her right, title, and interest in and to said real estate in controversy; and it was further agreed that the plaintiffs in error were the same persons as certain persons named in the agreed statement of facts, and that Mack H. Le Flore was the grantor of the defendant in error Tiffee, and said Kizzie Woods was the grantor of the defendant S. Lee Lowry. It was further agreed that Judah Le Flore was the lawful wife of Wallace Le Flore, at the time of his death, and that said Judah Le Flore died in the year 1875. Upon this agreed statement of facts the trial court made and entered its judgment, finding that the defendant S. G. Tiffee was the sole and only owner of the premises in

controversy, and quieting his title thereto, and plaintiffs bring error.

This case is governed by the decision in *Lowry v. Le Flore*, 48 Okla. 235, 149 Pac. 1112. In that case Lowry commenced action in the district court of LeFlore county against Mack H. Le Flore, claiming an undivided one-eighth interest in the property involved, and seeking to have his title quieted. In that suit he claimed title by conveyance from Kizzie Woods, who, as is seen from the agreed statement of facts, was the grandniece of Mary Le Flore, the deceased to whom the lands were allotted. The defendant therein answered, denying plaintiff's title, and praying that title to the entire tract be settled and quieted in himself, as the sole and only heir of said Mary L Flore. That case was submitted upon an agreed statement of facts, substantially the same in all material respects as that upon which the present case was tried, and the trial court there found that the defendant therein, Mack H. Le Flore, was the owner of said land, and that the plaintiff therein, S. Lee Lowry, had no interest in the premises. Upon error to this court the judgment of the trial court was affirmed.

In the present case the plaintiffs in error seek to establish their right to the premises by virtue of being heirs of the deceased allottee, within the meaning of the statutes of this state governing the devolution of property of this character. All of the plaintiffs in error are grandchildren of the deceased brothers of Mary Le Flore, the allottee, and the decision of this case turns upon the point whether they are entitled to share in the distribution of the estate of the deceased.

By subdivision 3 of section 8418, Rev. Laws 1910, it is provided:

"(3) If there is no issue, nor husband nor wife, nor father, nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation."

This provision has been construed previously by this court in the case of *Falter, Gdn., v. Walker, Adm'r,* 47 Okla. 527, 149 Pac. 1111, in an opinion by Mr. Chief Justice Kane, in which it is held:

"The term 'children of any deceased brother or sister,' as used in the third subdivision of section 8418, Rev. Laws 1910, has reference to the sons and daughters of such brother or sister, and does not include grandsons or granddaughters or other more remote descendants."

The same result was reached in *Lowry v. Le Flore, supra,* and in that case it is said:

"The third subdivision governs this case, and provides: 'If there be no issue, husband, wife, father nor mother, then * * * to the children of any deceased brother or sister.' What or who is meant here by the term 'children'? Mack H. Le Flore is the child of Wallace Le Flore, a deceased brother of the intestate. Kizzie Woods is not a child of the brother or sister of the intestate, but a grandchild of Wallace Le Flore, a brother of the intestate, and therefore does not come within the language of the statute."

From the agreed statement of facts before us, it is apparent that Mack H. Le Flore is the only surviving child of a brother or sister of the intestate, and that she left her surviving no father, mother, husband, brother, or sister, and that said Mack H. Le Flore, under the terms of said statute, took the entire estate; and, having conveyed his interest to defendant in error Tiffee, the trial court did right in denying any relief to plaintiffs in error,

and in quieting title of defendant in error to the lands involved.

The judgment of the trial court is therefore affirmed.

All the Justices concur.