This appeal is from a judgment of the district court of Okmulgee county, denying a petition to vacate a judgment of said court rendered February 2, 1923, in a proceeding for the determination of the heirs of Richmond Bruner, deceased.
Richmond Bruner was enrolled as a half-blood member of the Creek Tribe of Indians. He died in Okmulgee county on or about February 15, 1922, leaving an estate consisting of real and personal property of the approximate value of $200,000. Letters of administration of said estate were issued by the county court of Okmulgee county. Thereafter numerous wills alleged to have been executed by the decedent were presented for probate and numerous persons presented petitions to the county court alleging themselves to be heirs at law of decedent and praying for a determination of heirship. These claimants may be classified as follows:
1. Jane Bruner — adjudged widow.
2. Jennie Nash — alleged daughter.
3. Thomas Bruner, Pinkie Bruner and Eliza Jane Ferguson, nephews and niece, and children of Richard R. Bruner, deceased, brother of decedent, Richmond.
4. Betty Stevens, nee Bruner, et. al., petitioners *Page 102 
herein, grandnieces and nephews of Richmond Bruner and children of deceased nieces and nephews.
5. Other collateral kindred.
The proceedings for probate of alleged wills and to determine heirs were consolidated and tried to the county court. After a hearing thereon that court denied probate of the several wills, rendered judgment to the effect that Jane Bruner was the widow and sole heir at law of Richmond Bruner, deceased, and that the other claimants were without interest in the estate.
The proponents of the several wills and other claimants prosecute separate appeals to the district court, wherein the district court affirmed the judgment of the county court, again adjudging Jane Bruner to be the widow and sole heir at law of Richmond Bruner, deceased, denying probate of the several wills and the interest of other claimants.
On April 23, 1924, Bettie Stevens et al., plaintiffs in error, filed in the district court their petition to vacate said judgment, alleging fraud in the procurement thereof, in that it was represented to the court by attorneys for Jane Bruner that petitioners, plaintiffs in error, had agreed and consented to the decree; that petitioners were served by publication only, and that petitioners had a good cause of action or defense to the claim of Jane Bruner in that she was not the lawful widow of Richmond Bruner, deceased, and never had been legally married to him.
The respondent, defendant in error, through her guardians, answered, and the cause was tried by the court on December 8, 1924.
The undisputed evidence disclosed that Richmond Bruner, deceased, left surviving him no issue, mother, father, sister, or brother, and that aside from his widow, Jane Bruner, whose relationship is denied, his nearest relations were Thomas Bruner, Pinkie Bruner, and Eliza Jane Ferguson, children of Richard R. Bruner, deceased, brother of decedent Richmond Bruner.
Petitioners, plaintiffs in error, Bettie Stevens and Bessie Bruner are sisters, and are children of one Henry Bruner, who was a son of Richard R. Bruner and a brother of Thomas Bruner, Pinkie Bruner, and Eliza Jane Ferguson. Their father, Henry Bruner, died in 1912, and prior to the death of Richmond Bruner. Petitioners, plaintiffs in error, Mitchell Bruner and Jensie Johnson are brother and sister, children of Freeland Bruner, who was also a brother of Thomas Bruner, Pinkie Bruner, and Eliza Jane Ferguson. Freeland Bruner died in 1918, prior to the death of Richmond Bruner.
Petitioners introduced in evidence a written agreement executed by Thomas Bruner, wherein, for a consideration of the sum of $21,000, he relinquished and assigned to Jane Bruner whatever right, title, or interest he might have in the estate of Richmond Bruner, deceased. By the terms of the document he consented to the rendition of a judgment by the district court pursuant thereto. Also there was introduced a written agreement executed by Pinkie Bruner and Eliza Jane Ferguson of similar text and effect.
Respondent, defendant in error, demurred to the evidence of petitioners below, and the court sustained her and entered judgment denying the motion to vacate the prior judgment. From the final judgment petitioners have appealed.
As a basis for the judgment rendered the trial court found and concluded, as a matter of law, under the authority of Falter v. Walker, 47 Okla. 527, 149 P. 1111; Lowrey v. LeFlore, 48 Okla. 235, 149 P. 1112; and Burns v. Tiffee,49 Okla. 262, 152 P. 368, that the petitioners were not heirs at law of Richmond Bruner, deceased, and would not in any event be entitled to share in his estate, and, therefore, having failed to prove a meritorious cause of action or defense, they were not entitled to have the judgment of February 23rd vacated and set aside.
Section 814, Compiled Oklahoma Statutes, 1921, provides:
"A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action on which judgment is rendered, or if the plaintiff seeks its vacation, that there is a valid cause of action. * * *" 3 C. J. 33.
This court has uniformly held that a valid defense or cause of action is a condition precedent to the vacation of a judgment upon any grounds, except the lack of jurisdiction. Proyins v. Lovi, 6 Okla. 94, 50 P. 81; Thompson v. Caddo County Bank, 15 Okla. 615, 82 P. 927: A., T. S. F. Ry. Co. v. Schultz. 24 Okla. 365, 103 P. 756; Leforce v. Haymes,25 Okla. 190, 105 P. 644; Hollister v. Kory. 47 Okla. 568,149 P. 1136; Harn v. Amazon Fire Ins. Co., 66 Okla. 99,167 P. 473; Holt v. Spicer, 67 Okla. 60, 166 P. 149; First State Bank v. Carr, 72 Okla. 262, 180 P. 856.
The petition of plaintiffs in error, while it *Page 103 
alleges that decedent left surviving him no wife or children, does not deny that there were other kindred and of a nearer degree than the petitioners, who were grandnieces and grandnephews. In fact, the petition avers that decedent left "collateral kindred, among whom are these petitioners." However, the court overruled the demurrer of defendant in error to the petition and proceeded to a hearing upon the fraud alleged in the procurement of the judgment as well as the establishment of the cause of action or defense of the petitioners.
Jane Bruner claimed to be the widow and sole heir at law of decedent Jennie Nash claimed to be a daughter. Had both of these claims been established, the two would have inherited equally in the estate and to the exclusion of other claimants. Subdivision 1 section 11301, Compiled Oklahoma Statutes, 1921. But the county court held that Jane Bruner was in fact the surviving widow and sole heir at law of decedent, and that Jennie Nash was not decedent's child. This judgment was affirmed by the district court, and Jennie Nash is not complaining. Therefore, it is thus far established by the record that deceased left surviving no child or children, mother, father, brother or sister.
If Jane Bruner was, as adjudged, the surviving widow of Richmond Bruner, deceased, she would be entitled to inherit the entire estate to the exclusion of nieces and nephews and all other collateral kindred. Subdivision 5, section 11301, Compiled Oklahoma Statutes, 1921; In re Negro's Estate (Cal.)87 P. 384; Falter v. Walker, supra; Hughes v. Bell,55 Okla. 555, 155 P. 604.
But it is contended in the petition to vacate the judgment that Jane Bruner was not in fact the wife of decedent and, therefore, not entitled to inherit any part of the estate; yet, under the well-settled law of this state, petitioners will not be heard to complain and to set aside the judgment unless they show themselves to have an interest entitling them to share in the estate, and unless they are entitled to inherit as heirs at law, in the event it should be established that the judgment was in error and that it was secured irregularly, wherein it was held that Jane Bruner was the widow of decedent and as such was the one person entitled to the estate.
Petitioners' evidence establishes that they are the children of Freeland and Henry Bruner, sons of Richard R. Bruner, deceased, brother of Richmond Bruner, and that petitioners' respective fathers died prior to Richmond Bruner, and that the latter was survived by two nephews and a niece, Thomas and Pinkie Bruner and Eliza Jane Ferguson, children of Richard R. Bruner, deceased, and brothers and sisters of Henry and Freeland Bruner.
Under the laws of descent and distribution of this state, in the event Richmond Bruner had died leaving surviving him no issue, wife, father or mother, the devolution of the estate would be governed by subdivision 3, section 11301, Compiled Oklahoma Statutes, 1921, which is in part as follows:
"If there be no issue, nor husband nor wife, nor father, nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation."
The word "children," as used in this subdivision, has been construed to mean immediate offspring, and excluding grandchildren and more remote descendants. Falter v. Walker, supra; Lowrey v. LeFlore, supra; Burns v. Tiffee, supra; Kelly v. Watkins, 105 Okla. 116, 231 P. 873.
So, under the settled law of this jurisdiction, "children," as used in subdivision 3, section 11301, supra, does not include grandchildren, but is confined to descendants of the first degree — the immediate offspring, and it was upon this rule that the trial court sustained the demurrer to petitioners' evidence.
Thomas Bruner, Pinkie Bruner, and Eliza Jane Ferguson, being surviving children of Richard R. Bruner, deceased, would have taken the estate in the absence of a widow and to the exclusion of petitioners. Accordingly petitioners have no interest in the estate entitling them to recover regardless of whether Jane Bruner was or was not the lawful wife of Richard Bruner, deceased. Thomas Bruner, Pinkie Bruner, and Eliza Jane Ferguson are not complaining of the judgment of February 2, 1923, but, on the other hand, all of said persons seem to have assigned their rights to Jane Bruner.
Objection is made by plaintiffs in error to the fact that the trial court rejected evidence which was offered to prove that money from the assets of the estate was paid to Thomas Bruner and others in compromise of their claims.
We do not think the action of the court constituted error, for if plaintiffs in error are not entitled to inherit by reason of their lack of interest in the assets of the estate, we do not see why they should be permitted to question the disposition of the funds of the estate. *Page 104 
The plaintiffs in error contend that, since the surviving nephews and niece have settled their interest with Jane Bruner and consented to judgment in her favor, they should be regarded as nonexistent, and, therefore, more remote collateral kindred, including themselves, should be permitted to occupy the position of next of kin; but, under the facts here, either Jane Bruner or the nephews and niece were entitled to occupy the position of next of kin, dependent upon whether or not Jane Bruner was the lawful wife of deceased. In no event could it be said that there was an absence of a nearer degree than the petitioning collateral kindred.
Plaintiffs in error urge that, since Jennie Nash, alleged daughter, because she does not complain, is considered as having passed from the case, that Thomas Bruner, Pinkie Bruner, and Eliza Jane Ferguson, not complaining, but consenting to the judgment, ought also to be considered as having passed from the case, permitting the collateral kindred to participate.
While this sounds reasonable, it is not so, for Jennie Nash is an heir or not, dependent upon whether she is the child of decedent. The court held she was not decedent's child. That judgment eliminated her, and she is the only one to complain of it. As to Thomas Bruner, Pinkie Bruner, and Eliza Jane Ferguson, there is no doubt as to their relation to the decedent, but their right to participate in the benefits of the estate is dependent upon whether or not there is someone of a nearer degree existing and entitled to participate before them. There can be no doubt that a nearer degree of kindred existed heretofore designated in class 3, and are entitled to partake of the estate in preference to the plaintiffs in error. Whether class 4 shall participate is dependent upon whether a prior degree of kindred exists, and of this fact there can be no doubt, and since the court below held that the degree of class 1 did exist, and since everyone admits that the degree of class 3 exists, prior to the position and degree of plaintiffs in error, the judgment of the court is of no concern to the plaintiffs in error, who are not entitled to share in the estate in any event.
The judgment of the district court is affirmed.
BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.