**MANNING et al. v. DOSHER, Adm'r.**

No. 21572.    Feb. 20, 1934.

Mounts & Chamberlin and A. C. Chaney, for plaintiffs in error.

Wilson & Roe, for defendant in error.

ANDREWS, J. The record in this case shows that Joseph E. Manning, a resident of Tillman county, Okla., owned the 160 acres of land involved in this action. It had been occupied by him, his grandson, Joseph E. Meek, a minor, and an adult son, Hartwell G. Manning, and the wife and two children of Hartwell G. Manning. Joseph E. Manning made a will by the terms of which the land involved in this action was devised to the said Joseph E. Meek. Upon the death of Joseph E. Manning his will was admitted to probate and R. M. Dosher was appointed administrator with the will annexed. He was granted authority by the county court and by the district court on appeal to sell the 160 acres of land in question, together with other real property belonging to the estate, in order to procure funds with which to pay the indebtedness of the testator. From the judgment of the district court, the protestants, the plaintiffs in error herein, appealed to this court.

The plaintiffs in error contend that at the time of the death of the decedent he was the head of a family; that the land involved in this action was the homestead of the family; that it was not subject to the payment of any debt or liability contracted by or existing against the testator previous to or at the time of his death; that it was not subject to administration proceedings, and that Joseph E. Meek, the devisee, took it free from all debts or charges of any kind against the decedent.

Section 1, article 12, of the Constitution of Oklahoma provides what a homestead of any family in this state shall "consist of." It will be noted that that article relates to homesteads of families. Section 2 of that article provides that:

"The homestead of the family shall be and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; Provided, nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."

The portion of that section, as follows: "nor shall the owner, if married, sell the homestead without the consent of his or her spouse, * * *" recognizes that the owner of land which constitutes a homestead may be a man or woman, single or married. The word "owner" therein refers to the owner of the land and not to the owner of the homestead right. The homestead right belongs to the family. Thompson v. Marlin, 116 Okla. 159, 243 P. 952. Section 1225, O. S. 1931, provides:

"The homestead is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such as are secured by lien thereon, as provided in the laws relating to homesteads."

It will be noted that while that legislative enactment, as well as the constitutional provision, protects a homestead "from forced sales for the payment of debts," except as therein provided, neither protects land from forced sale for the payment of those debts where no homestead right exists.

Though the real estate involved in this action constituted a homestead during the lifetime of the testator, by reason of the existence of a family, a question not herein determined, that fact would not operate to prevent a sale thereof in satisfaction of the debts of the testator after the death of the testator and after his family had ceased to exist, unless the devisee took the land free and clear of the debts of the testator, as contended by the plaintiffs in error herein. The question then is, What kind of an estate did the devisee take? The Legislature has provided the answer.

Section 1223, O. S. 1931, which provides, in part, as follows:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceedings, until it is otherwise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age * * *"

—is not applicable. The testator left neither surviving wife nor minor child. His children were not minors and the devisee was not his child. The term "child" does not include a grandchild. 29 Corpus Juris 1004; Bell v. Davis, 55 Okla. 121, 155 P. 1132; Burns v. Tiffee, 49 Okla. 262, 152 P. 368; Falter v. Walker, 47 Okla. 527, 149 P. 1111; Lowrey v. LeFlore, 48 Okla. 235, 149 P. 1112, and In re Estate of Bruner, 125 Okla. 101, 256 P. 722. There was no one entitled by law to the right granted by that section to possess and occupy the homestead. The land was subject to administration proceedings. In re Gentry's Estate, 158 Okla. 196, 13 P. (2d) 156. In Union Trust Co. v. Cox, 55 Okla. 68, 155 P. 206, it was said:

"In this state we have a statute (section 6328, Rev. Laws 1910) extending the right to the husband or wife to continue to possess and occupy the homestead, acquired during the life of both, after the death of the other, and this right is also extended to the children, after the death of both parents, until the youngest becomes of age; but we have no statute giving this right to the survivor of a family other than a family based upon marriage relations. It might be well argued that this beneficent provision ought to extend to just such an instance as is presented in the case at bar, but that is a matter within the province of the legislative branch of the government."

There is a material distinction between the rights of a family to exemption of the homestead of the family from forced sale for the payment of debts and the rights of an heir or devisee to exemption of the property devised to or inherited by him, which theretofore constituted the homestead, from a sale in the process of administration for the payment of debts. A sale under the probate procedure of Oklahoma is not a "forced" sale within the meaning of article 12 of the Constitution, supra. It is a sale made pursuant to statutory proceedings for the settlement of estates.

While under some statutes the homestead passes to heirs free of the debts of the ancestor (29 Corpus Juris, pp. 1017-1019), that is not true under the statutes of Oklahoma. The devisee took the land subject to the provisions of section 1516, O. S. 1931, which provides:

"When a person dies intestate, all his property, real and personal, without any distinction between them, is chargeable with the payment of his debts except as otherwise provided in this Code (chapter) and under Civil Procedure."

Under the provisions of that section, the property was chargeable with the payment of the debts of the testator, except as otherwise provided in the Code. He also took it subject to the provisions of section 1203, O. S. 1931, which provides that:

"All the property of a decedent, except as otherwise provided for the homestead and personal property set apart for the surviving wife or husband and minor child or children, shall be chargeable with the payment of the debts of the deceased, the expenses of the administration, and the allowance to the family. And the property, personal and real, may be sold as the court may direct, in the manner hereinafter prescribed. There shall be no priority as between personal and real property for the above purposes."

Under the provisions of that section, the devisee took the land chargeable with the payment of the debts of the testator, expenses of the administration, and the allowance to the family, "except as otherwise provided for the homestead and personal property set apart for the surviving wife or husband and minor child or children." There was no surviving wife or minor child.

The plaintiffs in error contend that, inasmuch as the owner of land constituting a homestead may convey the same, when joined in a conveyance by his spouse, free and clear of any of his indebtedness, a devise of such land would have the same effect. While that may be true under some statutes, it is not true under the statutes of Oklahoma, for section 1517, O. S. 1931, provides:

"The property of a testator, except as otherwise especially provided in this Code (chapter) and in the chapter on Civil Procedure must be resorted to for the payment of debts in the following order:

"First. The property which is expressly appropriated by the will for the payment of the debts.

"Second. Property not disposed of by the will.

"Third. Property which is devised or bequeathed to a residuary legatee.

"Fourth. Property which is not specifically devised or bequeathed, and.

"Fifth. All other property ratably. Before any debts are paid the expenses of the administration and the allowance of the family must be paid or provided for."

A testamentary disposition of property in Oklahoma is subject to the statutes of Oklahoma. Scott v. Scott, 131 Okla. 144, 268 P. 245; Parks v. Lefeber, 162 Okla. 265, 20 P. (2d) 179. There is no provision of the statutes of this state exempting property devised from sale for the payment of debts, where the owner of the property left surviving him no spouse and no minor child.

Reliance is placed on the decision of this court in Re Jameson's Estate, 74 Okla. 286, 182 P. 518, wherein it was held that the allotment homestead of a Creek freedwoman was not subject to sale by the administrator for the purpose of paying her debts. The language used in that decision is general and might be construed to apply to the land in question, but an entirely different rule is applicable. The issue involved in that case is controlled by federal legislation. Herein we are considering the kind of title that passes under the Oklahoma statutes. The correct rule is stated in 13 R. C. L., section 137, p. 677, as follows:

"Sometimes the devolution of a homestead is controlled by statutes prescribing a different rule for ancestral estates as distinguished from new acquisitions, but under the ordinary provisions for homestead prevailing in most of the statutes, the usual course of descent and distribution is not changed by the fact that the property in question constitutes a homestead. Moreover, as the homestead exemption is in derogation of common right, it does not, in the absence of statute, descend to heirs at law. Hence, on the death of the landholder, having a homestead, but leaving neither minor child nor widow the descent of the homestead is governed by the same rules as govern in the descent of his other landed estate, that is, all go alike to the devisee or heir, subject to a prime and paramount liability for the debts of the ancestor. * * *"

In Greenshaw v. Brown, 96 Okla. 11, 219 P. 934, it was said:

"We are of the opinion that it must have been the intention of our lawmakers and we therefore conclude that, when the homestead character has once attached, and the head of the family or any other surviving member of the family remains in continuous occupancy of the property, doing nothing on his part, and suffering nothing within his control to be done that might affect his relation to it, in a sense it is still occupied as a residence by the family, although there may be no dependent members of the family to protect or who are in need of shelter and sanctuary of the home. It is occupied as a residence by a constituent part of the family, and by all the family that survives.

"However, under the holding of this court

in the case of Union Trust Co. v. Cox, 55 Okla. 68, 155 P. 206, the right of the survivor to continue to occupy the homestead after the constituent members of the family have been broken up, does not extend further than to the surviving husband or wife and their minor children."

The land in question may be sold for the payment of debts for the reason that the homestead right ceased upon the death of the testator, leaving surviving him no spouse or minor child, and for the reason that, in the absence of a homestead right, property of the testator passed to the devisee chargeable with the payment of the debts of the testator.

We find no error in the judgment of the trial court, and it is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.