MILTON BROWN v. LOUIS K. DANN *et al.*

No. 15,512.   (97 Pac. 862.)

1. JUDGMENTS—*Vacation in the District Court.* Plaintiff's motion in the district court to vacate a judgment was unavailing because no showing was offered or adjudication made that he had a valid cause of action.

2. NEW TRIAL—*Time for Filing Motion—Delay Not Unavoidable.* Regarded as a motion for a new trial (Civ. Code, § 306) it came too late, as it could not be said plaintiff was "unavoidably prevented" (Civ. Code, § 308) from filing it within the statutory time.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed May 9, 1908. Affirmed.

*Milton Brown, Chauncey C. Brown,* and *G. H. Whitcomb,* for plaintiff in error.

*W. R. Hazen,* for defendants in error.

*Per Curiam:* The plaintiff's motion to set aside the judgment against him was based upon the sole ground of irregularity in the conduct of the court. It was not filed within three days after the judgment, nor at the same term of court.

The motion was unavailing under section 568 of the civil code, because no showing was offered and no adjudication was made that the plaintiff has a valid cause of action, as section 572 of the civil code requires.

The motion came too late under section 306 of the code, unless the affidavit accompanying the motion shows that the plaintiff was *unavoidably prevented* from filing it earlier. (Civ. Code, § 308.) The plaintiff does not pretend to say his illness prevented him from being in Topeka on March 1, or within three days thereafter, to attend to his case. He does not claim to have been absent after March 5. The only reason the motion was not filed in time was that plaintiff had been wrongly informed that the mandate of this court had

not been filed in the district court. It is impossible to say that this circumstance was unavoidable or that it prevented the plaintiff from looking after his case, within the legal signification of the words italicized. The judgment of the district court is affirmed.