[No. 19287.   Department One.   September 1, 1925.]

JOHN H. SCOTT *et al., Appellants,* v. BENEVOLENT AND PROTECTIVE ORDER OF ELKS, LODGE No. 1102, *et al., Respondents.*[1]

TRESPASS (15, 16)—DAMAGES TO REAL PROPERTY—EVIDENCE—SUFFICIENCY. The owners and contractors are liable for substantial damages for trespass, where it appears that, in the construction of a building on an adjoining lot, they demolished the whole of plaintiff's outside stairway, only two inches of which overlapped the adjoining lot, and where the building was constructed with a cornice extending six or eight inches over the line, and with window sills and base projecting over the line for a short distance.

Appeal from a judgment of the superior court for Kittitas county, Hawkins, J., entered December 22, 1924, upon granting a nonsuit, dismissing an action for damages for trespass on real property. Reversed.

[1]Reported in 238 Pac. 902.

*Edward Pruyn*, for appellants.

*E. E. Wager*, for respondent B. P. O. E. No. 1102.

*Rigg & Venables* and *Nat. U. Brown*, for respondents McWilliams *et al.*

MITCHELL, J.—This action was brought by John H. Scott and wife to recover damages for trespass on real property, committed by the defendants, Benevolent and Protective Order of Elks, Lodge No. 1102, and E. McWilliams and George L. Ross, partners doing business as McWilliams & Ross. The plaintiffs were nonsuited on motion of the defendants at the trial to a jury, and have appealed.

The evidence on behalf of the appellants showed that, for more than twenty years, they owned fifty feet frontage on the north side of Fifth street, in the city of Ellensburg, the property being situate in lot 5, block 7, Original Town (now city) of Ellensburg, on which, during all the time of their ownership of the property, there was situated a two-story brick building used for business purposes, the upper story of which was accessible only by an outside stairway fastened to the west side of the building. The respondent, Elks Lodge No. 1102, owned seventy feet frontage on Fifth street, the east line of its property being the west line of appellants' property. The lodge built an Elks temple in 1923, and for that purpose let a contract to respondent McWilliams & Ross. Before construction was commenced, the Elks Lodge had a survey made to establish its lines. The survey included all frontage on the north side of Fifth street in the block, and finding it sufficient to meet the requirements of all owners, the line between the properties of these parties was established at a point fifty feet west of the southeast corner of appellants' building. The surveyor marked that point on the sidewalk and instructed the foreman and

contractors that, should the mark become obliterated during the progress of construction of the building, it could be replaced or re-established by the same measurement.

There was testimony at the trial tending to show that the westerly two inches of the outside stairway to appellants' property was over the line, but it was shown that, in the construction of the Elks temple, not only two inches, but all, of the stairway was completely demolished. The evidence further showed that the temple as constructed stands with the cornice on the east side some six or eight inches over the line, with the window sills and the base of the east wall for a short distance also projecting over the line. Under the complaint as written, and under a trial amendment of it, the evidence showed substantial damages of different kinds, not only past and completed during the course of the construction of the Elks temple, but of a continuing kind on account of the overhang of its building. The testimony on behalf of the appellants showed that McWilliams & Ross were the contractors who constructed the building. Their separate answer states that they are partners.

The case as made out was enough to show liability on the part of all the respondents. The case should not have been taken from the jury.

Reversed.

TOLMAN, C. J., MACKINTOSH, PARKER, and ASKREN, JJ., concur.