**BLAIR et al. v. BLAIR et al.**

No. 16500—Opinion Filed Nov. 9, 1926.

Rehearing Denied March 15, 1927.

**1. Insane Persons—Voidability of Judgments Against—Collateral Attack.**

A judgment against an insane person is not void, but voidable. It may be vacated

on direct attack, but, in the absence of fraud, is not subject to collateral attack.

## 2. Same—Action for Possession of Land—Judgment on Pleadings Sustained.

Plaintiff obtained tax deed to certain land belonging to his father, and thereafter brought action and obtained judgment against him for possession; thereupon, the father moved off of the land and subsequently returned with another son, a brother of plaintiff, and they, acting together, moved upon the said land and took possession and exercised control over it and rented it out and collected rents over the protest of plaintiff and he brought suit for possession against them and their tenants and pleaded the tax deed and the said judgment as his right to possession against all of the defendants, and they answered admitting the said tax deed and judgment, and pleading that the father was insane at the time the tax deed was obtained by plaintiff to be held in trust for the father, and conceding that the interest of all the defendants, except the father, was through and under him. and plaintiff moved for judgment on the pleadings, which motion was sustained by the court. Held. not error to sustain the motion.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Logan County; Charles C. Smith, Judge.

Action by H. P. Blair against S. A. Blair, J. W. Blair, Frank Howland, Al Hall, William Dean, Edgar Williams and John Doe, to recover real estate. H. P. Blair died during the pendency of the action, and the same was revived in the name of his heirs. Judgment for plaintiffs, and defendants appeal. Affirmed.

Fred W. Green and John A. Remy, for plaintiffs in error.

C. G. Hornor, for defendants in error.

Opinion by THREADGILL, C. This action was brought September 1, 1925, by H. P. Blair against his father, J. W. Blair, and his brother. S. A. Blair, and others for the possession of the N. ½ of S. E. ¼ and the S. E. ¼ of S. E. ¼ of section 28, T. 18 N., R. 1 W., in Logan county. Plaintiff deraigned his title through a tax deed, dated February 3, 1912, and a judgment for possession May 3, 1912, against his father. J W. Blair, the record owner before the tax sale. A copy of the deed and a copy of the judgment were attached to the petition. He pleaded for his father, J. W. Blair, at the solicitation of his brother. S. A. Blair, in May, 1921, brought suit against him in the district court of Logan county to recover possession of the land, and before the same was

set for trial, dismissed it. He further pleaded that in the fall of 1921, said defendants, without his consent and without right or authority, moved into a tenant house on said land and took possession of the premises and exercised control over the same, and undertook to rent the land and to collect the rent for their own use and benefit; that on or about April 19, 1922, said S. A. Blair brought suit against plaintiff claiming that he was the owner of an undivided one-half interest in said land, which he sought to recover; that he demurred to the petition, and said S. A. Blair dismissed said action in 1923. He asked for a receiver to take charge of the rents during the pendency of the action, and for judgment in ejectment against the said defendants. The court appointed a receiver who gave bond and took charge of the property under the orders and direction of the court.

Thereafter, on December 20, 1923, said J. W. Blair filed an answer and cross-petition, consisting first of general denial, and, second, admitting the tax deed and judgment as pleaded by plaintiff, but says that he was of unsound mind and incapable of transacting any business at the time the same were obtained by the plaintiff. He further pleads that plaintiff and S. A. Blair entered into a verbal agreement for the purpose of preserving the estate, and for his benefit, whereby plaintiff was to obtain the tax deed, pay for it, and hold it in trust for him, and also hold it as security for the money he expended for it until he, the defendant, should recover from his illness, or until plaintiff was repaid such money. He further pleaded that plaintiff took possession of the land and rented it out, and collected the rents for more than six or seven years, and appropriated the same to his own use and benefit, and was more than paid for the money he spent for the tax deed. For cross-petition, he sought to have the tax deed and judgment, pleaded by plaintiff, canceled, on the ground that he was insane at the time they were obtained, and that plaintiff had received full payment for the money expended for said deed. Defendant S. A. Blair, and the other defendants, filed answer admitting the tax deed and judgment pleaded by plaintiff, and further state that whatever rights they have in said real estate, they claim under the title of said J. W. Blair.

Thereafter, on February 6, 1924, plaintiff died, and on March 11, 1924, the action was revived in the names of his heirs, and on May 8, 1924, the defendant J. B. Blair was declared to be insane, and on November 3,

1924, the court ordered that he be represented by guardian, which was accordingly done. On December 13, 1924, the cause was presented to the court on motion of plaintiff for judgment on the pleadings, and the court sustained the motion and rendered judgment for plaintiffs, and defendants have appeared by petition in error and transcript of the record attached. They contend in their two assignments of error that the court erred in sustaining the plaintiff's motion for judgment on the pleadings. They state their case in one proposition as follows:

"It is a well-established rule of law governing pleading and practice, that a motion for a judgment on the pleadings admits all the facts well pleaded by the party or parties against whom the motion is addressed." Citing Redskin Mining Co. v. McNeal Machinery Co., 108 Okla. 213, 234 Pac. 985; Walker v. Von Wedal, 108 Okla. 292, 237 Pac. 86.

This proposition meets with our approval fully, as well as the authorities cited to support it, but can we accept the application made by defendants of the proposition to the facts in the instant case as the basis of reversal? Their plea of general denial joined no issue since their answer admitted the tax deed and judgment upon which plaintiffs relied as the basis of their right of action and recovery.

Their plea of J. B. Blair's insanity to defeat the judgment pleaded by plaintiffs was not a defense in a collateral attack such as this was. Section 616, ch. 554, Van Fleet's Collateral Attack, says:

"Where a judicial record is fair on its face, it cannot be shown, collaterally, that any party was insane at the time the proceeding was commenced or judgment rendered, because that will contradict the record. That such a proceeding is not void, has been decided in Georgia, Illinois, Indiana, Maryland, Missouri, Nebraska, New Hampshire, North Carolina, Pennsylvania and Texas."

Many authorities are cited in support of the text. Section 205, page 205, Black on Judgments, vol. 1, states:

"An insane person may be sued and jurisdiction over him acquired by the like process as if he were of sound mind. * * * Therefore, it is that the judgment of the court having jurisdiction of the subject-matter of the suit, and of the person of such a party, notwithstanding such irregularity, is not absolutely void. On this principle, it is held by all the courts that a judgment against a person who was non compos mentis at the time of its rendition, though without joining his legal guardian, is binding and conclusive upon him, is not to be impeached in any collateral action, and stands as a

valid adjudication until annulled or reversed in some direct proceeding for that purpose."

Many cases are cited to support this text.

In the case of White et al. v. Hinton et al., a Wyoming case, 30 Pac. 953, which was an action to set aside a foreclosure judgment on the grounds of defective service and insanity of the defendant mortgagor, on page 957, the court says:

"It is urged that the decree of foreclosure is void as to Winsor, because he was insane at the time of the bringing of the suit against him, and continued insane until his death. But a judgment or decree against an insane person is not void. If attacked by suit brought within the time limited by statute, after the removal of the disability the decree may be opened up to admit of a valid defense which must be set out."

In the case of Pollock v. Horn et al., a Washington case, 43 Pac. 885, the court states two rules in the syllabus as follows:

"1. A judgment rendered against an insane surety on an attachment bond, who was sane at the time the bond was executed, is valid.

"2. The land of an insane ward is subject to execution and the creditor is not obliged to file his claim for settlement in due course of the administration of the estate."

We therefore conclude, from these authorities, that the plea of insanity set up by defendants in their answer to defeat the judgment pleaded by the plaintiffs was no defense to plaintiffs' action in ejectment.

Defenants further plead, as their defense that H. P. Blair and S. A. Blair, while their father, J. B. Blair, was insane and incapable of transacting business, agreed orally that the plaintiff, H. P. Blair, "should cause to be issued to him and take out a tax deed for taxes on said real estate and hold the same in trust for the estate and use of their said father," and should hold the same as security for the money paid for said tax deed until he was repaid by rents collected. While this agreement was not under the statute of frauds (Clark et al. v. Frazier, 74 Okla. 141, 177 Pac. 589; Cousins et ux. v. Wilson et al., 94 Okla. 29, 220 Pac. 923; Rollow v. Taylor, 104 Okla. 275, 231 Pac. 224), still it has no consideration to support it, as it appears that H. P. Blair was to furnish the money and pay for the tax deed, and get nothing in return except rents he might collect to reimburse him. It is very doubtful as to whether or not this agreement was sufficient to create a resulting trust, but if it was sufficient for this pur-

pose, while it might have been pleaded against the action in which the judgment was taken pleaded by plaintiff, but after the judgment was rendered and no appeal was taken from it, it cannot be pleaded in this collateral attack upon that judgment, on the theory of res judicata. The defendant J. B. Blair was concluded by said judgment, and the other defendants concede that their claims were through the rights of J. B. Blair and must therefore survive or fail with him. The agreement claimed between H. B. Blair and S. A. Blair could have been adjudicated in the judgment pleaded by plaintiff, and, failing to plead it in that action, it is too late to plead it in a collateral attack on said judgment. Kehlier v. Smith, 112 Okla. 183, 240 Pac. 708; Nye v. Prairie Oil & Gas Co. et al., 105 Okla. 104, 238 Pac. 962. We must therefore conclude that the answer and cross-petition of the defendants failed to state any facts of defense to plaintiff's petition, or any right to affirmative relief, and that there was no error of the court in sustaining the motion for judgment on the pleadings.

The judgment is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 32 C. J. p. 789, §648; p. 790, §652; p. 791, §656; anno. 35 L. R. A. (N. S.) 1090; 14 R. C. L. p. 615; 5 R. C. L. Supp. p. 773. (2) 31 Cyc. pp. 606, 608.