## MORAN v. CITY NAT. BANK OF LAWTON.

No. 28144. June 21, 1938.

Rehearing Denied Sept. 13, 1938.

Amil H. Japp and S. R. Harper, for plaintiff in error.

Jno. W. Tyree and C. T. O'Neal, for defendant in error.

PHELPS, J. This is an appeal from a judgment sustaining a demurrer to evidence presented in support of petition to vacate a judgment. In the trial court plaintiff in error was defendant and defendant in error was plaintiff and herein the parties will be referred to as they appeared in the lower court.

In 1932 plaintiff filed its action against May Moore Sloss and the defendant to recover on a promissory note and to foreclose a mortgage on real estate. The defendant was made a party to the action under an allegation in the petition that she indorsed the note on the day it was executed and delivered to the plaintiff. In her answer defendant denied generally the allegations of the petition, and further asserted failure of consideration. The cause was placed on the jury docket and regularly assigned for trial on June 21, 1935, on which day it was tried to the court, in the absence of the defendant or her counsel, and judgment was rendered in favor of the plaintiff.

On January 9, 1937, the defendant filed her verified petition to set aside the judgment alleging irregularity in obtaining said judgment and unavoidable casualty and misfortune preventing the defendant from having a jury trial upon the merits of the case. On the hearing the court sustained plaintiff's demurrer to the evidence. From said order, and the order denying a new trial, the defendant appeals.

The facts relied upon by the defendant under her assignment of error are substantially as follows: That from the commencement of the lawsuit the defendant had demanded a jury trial; that the case was listed on the jury docket and assigned for trial on June 21, 1935; that the defendant at no time waived her right to have the action tried by a jury. That on the 17th day of June, counsel for defendant appeared in court during the progress of a jury trial in another case, and in conversation with the trial judge was advised that the case then on trial would be the last tried before a jury at that term of court; that the present case could not be tried at that term of court unless a jury was waived.

That defendant's counsel reappeared in court on June 18th, and was advised that there would be no jury on June 21st. With his understanding that the case would not be tried, counsel notified defendant that the action would stand for trial at the next jury term of court; and, still believing that the case would not be tried, neither counsel nor the defendant appeared in court on June 21st, when the case was called for trial. That neither the defendant nor her counsel knew of the judgment having been rendered until December 31, 1936.

Plaintiff urges that the judgments should be sustained for the reasons: First, that the evidence failed to support the allegations of unavoidable casualty and misfortune; and, second, that the testimony shows that the defendant had no defense to the original action. On the face of the record we are more impressed with the latter contention than with the former. It appears plain that the defendant never waived her request for trial by jury; that there was no jury on June 21st, when the case was tried. There appears to have been a misunderstanding between counsel and the court on June 17th concerning the trial of the case. Under the record as presented it is not difficult to understand that counsel reasonably concluded that the cause would not be tried; therefore, his absence at the trial cannot be ascribed to negligence.

Section 560, O. S. 1931, 12 Okla. St. Ann., sec. 1035, provides that:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered. * * *"

Referring to this statute in Oklahoma Ry. Co. v. Holt, 161 Okla. 165, 17 P.2d 955, it is said:

"The sections of our Code relative to vacating or modifying judgments are unambiguous. They provide in clear language that if the plaintiff seeks the vacation of the judgment, he must establish one or more of the statutory grounds for vacating or modifying the judgment, and then have it adjudged that there is existing in his favor a valid cause of action. It would be useless and expensive to take the time of the court to show that a judgment was irregularly entered in favor of a plaintiff in the sum of $1,000 and vacate the same on the ground that it was irregularly entered, and then enter a regular judgment for the same amount. Likewise, if a judgment is irregularly entered in favor of plaintiff and against a defendant, it would be useless to vacate or modify the same until it is shown the defendant has a valid defense to plaintiff's cause of action. * * *"

It is not seriously contended here that the defendant did not indorse the note sued on; defense being based on the theory that its execution was without consideration. On this point, on the hearing to vacate the judgment, the defendant, on cross-examination, testified as follows:

"Q. You say you didn't get any money that was loaned by reason of this note, who did get the money? A. My father and mother. Q. Mrs. Moran, when did you sign this note that was offered in evidence? A. Several months after it was made. Mr. English asked me personally one day when I was in the bank, Mr. English who is deceased, he asked me if I would sign it. Q. Do you know when it was when you signed it on the back? A. Along towards spring. I wouldn't be able to give the exact date. Q. Was it before the note became due? A. When was it due? Q. Look at the note (question withdrawn by counsel). Q. Mrs. Moran, did you sign that note to extend the time of payment on the note in the bank? A. I don't remember."

On recross-examination the witness testified as follows:

"Q. Isn't it a fact that the note was secured by a second mortgage on a farm situated in this county? A. Yes, sir. Q. And isn't it a fact that in 1930 your father and mother deeded that farm to you? A. They deeded the farm to me later on."

Redirect:

"Q. Did you sign this note before or after the farm was deeded to you. A. Before."

Recross-examination:

"Q. You have no way of fixing approximately and recalling at this time the exact date you signed the note, do you, Mrs. Moran? A. Not exactly, but approximately. Q. What means do you have of fixing it approximately? A. My memory which is fairly good. Q. That is all you have? A. Yes, sir."

In the case of Moran v. Security Bank & Tr. Co., 181 Okla. 181, 72 P.2d 814, the defendant asserted a defense similar to that presented in the case at bar. Therein the defendant executed a note in consideration of the bank's surrendering to her a note which had been executed by her father. The note executed by the defendant was renewed several times, and in that case, as in this, defendant asserted that the execution of the note was without consideration. In deciding the case adversely to the contention of the defendant we held, in the syllabus:

"One who gives a note in renewal of another note, with knowledge at the time of a partial failure of the consideration for the original note, waives such defense and cannot set it up to defeat a recovery on the renewal note."

In the present case it appears that the defendant was a customer of the bank, carried an account in the bank, and indorsed the note sued on. It appears from the evidence that the defendant was uncertain whether she indorsed the note to extend the time of its payment, or before or after its due date. We are convinced that the defendant failed to prove a valid, meritorious defense to the action on which the judgment was rendered and that the court did not commit error in sustaining plaintiff's demurrer to the evidence. Harlow Pub. Co. v. Tallant, 171 Okla. 579, 43 P.2d 106; Featherstone v. Southwestern Lmbr. Co., 116 Okla. 86, 243 P. 240; Gavin v. Heath, 125 Okla. 118, 256 P. 745; Atchison, T. & S. F. Ry. Co. v. Schultz, 24 Okla. 365, 103 P. 756; Johnson v. Bearden Plumbing & Heating Co., 170 Okla. 63, 38 P.2d 500.

The remaining questions presented have been considered, but we conclude that they are not germane to the controlling questions presented in the appeal.

The judgment is affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur. OSBORN, C. J., and HURST and DAVISON, JJ., absent.