### FERNOW v. GUBSER et al.

No. 2603.

Circuit Court of Appeals, Tenth Circuit.

July 2, 1943.

972

Samuel A. Boorstin, of Tulsa, Okl., guardian ad litem of appellant.

G. C. Spillers, of Tulsa, Okl. (Paul Pinson, of Tulsa, Okl., on the brief) for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

This is another link in the chain of judicial proceedings affecting United Royalty Company and Liberty Royalties Corporation. Each company filed a separate petition for reorganization under Section 77B of the Bankruptcy Act, 11 U.S. C.A. § 207, and various questions arising in the course of the proceedings have been before us for review. Watts v. Liberty Royalties Corporation, 10 Cir., 106 F.2d 941; Porta v. Watts, 10 Cir., 109 F.2d 966; Fleeger v. Ames, 10 Cir., 120 F.2d 803; Yager v. Liberty Royalties Corporation, 10 Cir., 123 F.2d 44. The two companies, acting by and through their respective representatives, filed in the court below a proposed compromise of the claims existing between them and prayed that it be approved. It was provided in the compromise that United should assign to Liberty mineral royalty interests in certain lands in Arkansas, Kansas, New Mexico, Oklahoma, and Texas; and that Liberty should cancel and surrender to United certain units of beneficial interest in United, release a claim against United, and assign to United royalty interests in certain lands in New Mexico, and Oklahoma. The application was set for hearing, notice was given to all parties in interest; and John Fernow, owner of shares of stock in Liberty and formerly president of both companies, filed objections. The court denied the objections and approved the compromise. Fernow appealed.

The order of approval is challenged on the ground that as to Liberty it is unfair and not in furtherance of the reorganization purposes. The court expressly found that the compromise was just, equitable, and to the best interests of both companies and all other parties in interest. The approval of a compromise of this kind is addressed to the sound judicial discretion of the court, and its action thereon will not be disturbed on appeal except in case of abuse of such discretion. Scott v. Jones, 10 Cir., 118 F.2d 30. Only two witnesses testified at the hearing. One was then the trustee in bankruptcy of Liberty and the other had been its receiver. They each testified that he was familiar with the proposed compromise and that in his opinion it was fair to both companies. Viewing the entire record, it cannot be said that the court abused its discretion in approving the compromise.

One further contention is advanced. After the appeal had been perfected, it was brought to the attention of this court that appellant had been adjudged insane, and thereupon a guardian ad litem was appointed for him. The order approving the compromise was entered as of March 31, 1942. In May, 1937, the county court of Cook County, Illinois, entered its order adjudging appellant to be insane and committing him to the care and custody of his wife; in October, 1942, that court entered an order committing him to the state hospital of Illinois; and in November, 1942, the county court of Tulsa County, Oklahoma, entered an order determining that he had been insane since May, 1937,

and appointing a guardian for him, the determination of insanity being predicated upon the proceedings in Illinois. But he signed the objections to this compromise, he appeared in person and by an attorney at the hearing, his attorney participated actively in the hearing, and his mental incompetency was never called to the attention of the court in any manner. It may fairly be assumed that none of the attorneys nor any of the other parties to the proceeding had any knowledge of the adjudication in Illinois. The guardian ad litem contends that on account of the mental incompetency of appellant, the order is without force and effect, and further that the proceeding should be remanded to the trial court in order to afford appellant or his guardian ad litem an opportunity to present the facts and issues. The mere incompetency of a person does not prevent a court from acquiring jurisdiction of his person or authority to adjudicate his property rights. In Oklahoma, a judgment against an incompetent person not represented by a guardian is not void, but voidable. Blair v. Blair, 124 Okl. 128, 254 P. 38.

■ And such a judgment, entered without the mental condition of the party being brought to the attention of the court, will not be set aside on the ground of incompetency alone. In addition, it must be prima facie shown that a meritorious defense to the claim existed or that some other right was not presented. King v. Robinson, 33 Me. 114, 54 Am.Dec. 614; Stigers v. Brent, 50 Md. 214, 33 Am.Rep. 317; Maloney v. Dewey, 127 Ill. 395, 19 N.E. 848, 11 Am.St.Rep. 131; Atwood v. Lester, 20 R.I. 660, 40 A. 866; Watson v. Horner, 178 Iowa 499, 159 N.W. 1032; Montagne v. Cherokee County, 200 Iowa 534, 205 N.W. 228; Farmers' & Merchants' Bank v. Duke, 187 N.C. 386, 122 S.E. 1, 34 A.L.R. 215; Beckley Nat. Bank v. Boone, 4 Cir., 115 F.2d 513.

■ That requirement is not met here. There is no showing that as the result of the mental condition of appellant, there was a failure to advance any contention or adduce any evidence bearing upon the issues adjudicated by the order. Neither is there any showing whatever that in the event of a new hearing additional or different evidence material to the issues will be adduced, or that any different result is reasonably to be expected.

The order is affirmed.