420

VASSAR et.al. v. ROWLAND et al.

No. 32094.   Feb. 18, 1947.

Rehearing Denied Nov. 20, 1947.

*186 P. 2d 311.*

———

Guy L. Horton, of Stillwater, for plaintiffs in error.

J. M. Springer, of Stillwater, and Edwin R. McNeill, of Pawnee, for defendants in error.

CORN, J.  This is an appeal from a judgment rendered by the district court of Payne county, vacating and setting aside a default judgment entered July, 1942, in an action brought by the Home Owners Loan Corporation to foreclose a mortgage on certain premises occupied by Dilmanutha Rowland as her homestead.

Plaintiff, guardian of Dilmanutha Rowland, an insane person, joined by Ernest Rowland, Mildred F. Ladd, Carl Rowland and Lucille Rowland, filed this action to vacate the judgment in foreclosure and the sale of the premises under this judgment to the defendant Vassar and the purchasers who took from him.

In 1934 Elmer C. Rowland and Dilmanutha Rowland, husband and wife, mortgaged their homestead to H.O.L.C. Elmer C. Rowland died, leaving as heirs and beneficiaries the plaintiffs to this action.  Subsequent to this death Mrs. Rowland became insane and was committed to an institution.  At about the date the foreclosure action was begun she had been released, but was still insane, without the intelligence to understand the nature of an action against her or the effect of her failure to defend against such action.

Carl Rowland was a minor in military service and outside the continental limits of the United States.  There was an appointment of a guardian ad litem and an attorney to represent him under the provisions of the Soldiers and Sailors Civil Relief Act, and said attorney did represent him in the foreclosure action.

After foreclosure the property was sold to defendant Vassar at sheriff's sale for $775.  Vassar sold to Douglas, and shortly thereafter he in turn conveyed to Ventriss and wife.  The trial court specifically found that none of the purchasers acted in bad faith.

The trial court rendered judgment vacating and setting aside the original judgment of foreclosure, foreclosed the H.O.L.C. mortgage and subrogated the other defendants to any rights of the H.O.L.C.  In indicating what judgment would be rendered, the trial court stated that the foreclosure judgment was probably not a void judgment, but only voidable; and that the plaintiffs had not asserted any defense to the action.  However, the trial court then construed the requirement of the statute, 12 O. S. 1941 § 1031, subd. 5, to mean "not only some

defense they might have to the note and mortgage, but also any rights they might need to assert to protect any equities they might have over and above the note sued on." The trial court then withheld entry of judgment and reserved judgment on defendants' cross-petition, other than the H.O.L.C.'s cross-petition for foreclosure, which was granted, to give the parties opportunity to attempt to work out some agreement on the judgment.

Thereafter the trial court rendered judgment holding: (1) Mrs. Rowland was an insane person and the judgment was void as to her; (2) judgment as to Carl Rowland was voidable because he did not receive required notice until date subsequent to entry of judgment and was in military service; (3) that the successive deeds from the sheriff's sale to Vassar, who sold to Douglas, who conveyed to Ventriss, were clouds upon plaintiffs' title, and canceled same; (4) that the H.O.L.C. had received full satisfaction of its note and mortgage together with certain costs to which it was not entitled; (5) that Mrs. Rowland was personally liable for $452.48, due on said mortgage, constituting a valid first lien; (6) that the defendants (Vassar, Douglas, and Ventriss) were jointly entitled to subrogation to all rights of H.O.L.C. and note and mortgage should be reinstated and equitably assigned to them, subject to their agreement or judicial determination of their respective interests; (7) that upon payment into court by plaintiffs of amount due on note and mortgage, plus certain costs and the balance of sale price to Vassar of $775, same was to be held for benefit of purchasers (Vassar, Douglas, and Ventriss); (8) canceled the note and the mortgage into the judgment by reason of the foreclosure; (9) attempted to adjust the recovery of all parties as to costs expended and the proportionate amount of plaintiffs' recovery against various defendants for rental value of premises during period each held title.

From this judgment defendants have appealed, asserting three propositions as grounds for reversal, which are: First. The court erred in overruling defendants' demurrers to plaintiffs' petition to vacate the judgment and demurrers to the evidence and in entering the judgment for plaintiffs for reason plaintiffs failed to plead or prove a meritorious defense to the petition filed in the foreclosure action. Second. The court erred in vacating the judgment in foreclosure because a judgment against an insane person is not *void* but *voidable,* and can only be vacated upon proof of a meritorious defense to the action resulting in the judgment. Third. Judgment rendered is erroneous in holding the rights of Dilmanutha Rowland superior to those who were innocent purchasers for value, without notice.

12 O. S. 1941 § 1031, in part, provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: . . . Fifth. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings."

12 O.S. 1941 § 1033 provides:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, *and the defense to the action,* if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

12 O. S. 1941 § 1034 then provides:

"The court may first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action."

It is unquestioned but that the original judgment of foreclosure herein was regular on its face. Where the invalidity of a judgment does not appear on the face of the record, the judgment is

merely voidable. Harjo v. Johnston, 187 Okla. 561, 104 P. 2d 985, and Petty v. Roberts, 186 Okla. 269, 98 P. 2d 602.

In Fernow v. Gubser et al. (C.C.A. 10) Okla. 136 F. 2d 971, it is held:

"The mere incompetency of a person does not prevent a court from acquiring jurisdiction of his person or authority to adjudicate his property rights. In Oklahoma, a judgment against an incompetent person not represented by a guardian is not void, but voidable."

Blair v. Blair, 124 Okla. 128, 254 P. 38:

"And such a judgment entered without the mental condition of the party being brought to the attention of the court, will not be set aside on the ground of incompetency alone. In addition, it must be prima facie shown that a meritorious defense to the claim existed or that some other right was not presented. . . ." (Citing cases from other jurisdictions.)

See, also, Crosbie v. Absher, 174 Okla. 593, 51 P. 2d 970 — that one seeking vacation of judgment after term must allege and prove valid defense and procure adjudication that it was prima facie valid. Moran v. City Nat. Bank of Lawton, 183 Okla. 308, 82 P. 2d 682; Richards v. Baker, 186 Okla. 533, 99 P. 2d 118.

We conclude that, inasmuch as the judgment roll in the original foreclosure action was regular, and the plaintiffs having made no effort to plead or prove a meritorious defense to that action in the petition to vacate the judgment, the trial court erred in entering the judgment vacating the original foreclosure judgment.

This, then, leaves for consideration the question whether the rights asserted in behalf of the plaintiff Carl Rowland were sufficient to justify the trial court's judgment herein.

The record shows that service by publication was had upon Rowland in the required manner. Motion for appointment of guardian ad litem was made in behalf of Lucille Rowland and Carl Rowland, minors, and for appointment of an attorney to represent these persons as minors. Also, in compliance with the provisions of the Soldiers and Sailor's Civil Relief Act, an answer was filed in behalf of Carl Rowland.

It is contended that he had such interest in the property as entitled him to protection by virtue of the Soldiers and Sailors Civil Relief Act, 50 U.S.C.A. (Appendix) § 501 et seq. Further, that the service by publication was insufficient because the required copy was sent to Rowland at his overseas address, and plaintiffs contend that this was not plaintiff's "place of residence or business" within the meaning of the statute.

Rowland had no interest in the property, except such interest as might have passed to him as an heir or beneficiary.

50 U. S. C. A. (Appendix) § 520, commonly referred to as Soldiers and Sailors Civil Relief Act of 1940, provides:

"If any judgment shall be rendered in any action or proceeding governed by this action against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representatives let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof . . ."

It is seen that the same requirement exists here as in our statute; namely, that meritorious defense be made to the action. Rowland made no allegation of a defense, and did not offer any proof of a defense to the original action in foreclosure. Under such circumstances, Rowland stands in the same position as Dilmanutha Rowland, the assertion of a meritorious defense, a prerequisite to vacating the judgment, being entirely **lacking.**

In Turner et ux. v. Dexter, 172 Okla. 252, 44 P. 2d 984, paragraph 3 of the syllabus states:

"The trial court is prohibited from vacating a judgment until it is adjudged that there is a valid defense to the action, and a valid defense is a condition precedent to vacate a judgment. The trial court must hear and determine the facts presented by the pleadings and must determine that a statutory ground exists for vacating a judgment, and, in addition, that there exists a valid defense or a valid cause of action. . . ."

Also see Oklahoma Ry. Co. v. Holt, 161 Okla. 165, 17 P. 2d 955, quoting with approval the holding in Watson v. Paine, 25 Ohio St. 340, that two steps are requisite for vacating a judgment, the second of which is the requirement that the defense be adjudged valid before a final order may be entered vacating the original judgment. In the absence of a prima facie showing of a valid defense, no ground existed for the vacating of. the judgment. In the matter now before us there was no attempt to make this showing, a prime requisite to the vacating of the judgment.

The judgment which the plaintiffs sought to have vacated, and which was vacated by the trial court, was rendered by a court having jurisdiction to render such judgments. It was regular on its face and was not a void judgment within the legal definition of that term. Harjo v. Johnston, supra.

In view of the prior holdings from this court it was error for the trial court to overrule defendants' demurrers to the petition and to the evidence and in entering judgment for plaintiffs.

The judgment is reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and GIBSON and LUTTRELL, JJ., concur. RILEY, BAYLESS, and WELCH, JJ., dissent.