Charles R. FOWLER, Plaintiff in Error,

v.

H. GOLDFEDER, Defendant in Error.

No. 41383.

Supreme Court of Oklahoma.

Sept. 13, 1966.

318

William L. Brodersen, Chickasha, for plaintiff in error.

McElroy & Vaughn, Chickasha, for defendant in error.

DAVISON, Justice.

This is an appeal on the original record by Charles R. Fowler (defendant below) from an order and judgment of the lower court denying his motion for a new trial in an action wherein a default judgment was rendered against him and in favor of H. Goldfeder (plaintiff below). The parties will be referred to by their trial court designation.

Plaintiff's petition was to quiet title to certain real estate and for possession thereof and for damages for withholding possession from the plaintiff. Defendant's demurrer to the petition was overruled and defendant was given 30 days in which to answer. The defendant did not file an answer within the time allowed and plaintiff filed a motion for default judgment. Defendant did not file any answer. On April 29, 1964, a judgment was rendered in favor of plaintiff quieting title in him, and for possession and damages, and for an attorney fee. The journal entry of judgment appears regular on its face.

Thereafter, on July 17, 1964, during the next term of court, the defendant filed a Motion for New Trial, asking the court to set aside the judgment and grant a new trial, and, alleging, inter alia, many of the causes set forth in 12 O.S.Supp.1963, Sec. 651, as constituting grounds for a new trial. The motion does not allege that the judgment was void. On November 6, 1964, defendant's motion for new trial was denied and defendant has appealed from that order.

Thereafter, on December 31, 1964, defendant filed his verified "Petition to Vacate Judgment" in which he set forth many alleged grounds for vacation of the judgment and attached thereto his answer to the plaintiff's petition. Summons was issued and served upon plaintiff and plaintiff filed a special appearance and objection to the jurisdiction of the court to vacate the judgment. It is apparent that defendant filed the petition to vacate the judgment pursuant to the provisions of 12 O.S.1961, Sec. 1031 et seq., governing the procedure to be followed and the power of the district court to vacate its judgments after the term at which the judgment was rendered. Neither the petition to vacate judgment, nor the plea of plaintiff thereto, have been heard and determined and they pend in the status above described. The validity thereof is not presented by this appeal and we express no opinion as to the merits thereof.

Title 20 O.S.1961, Sec. 95, provides for two regular terms of the District Court in each county, commencing on the first Monday in January and the first Monday in July in each year. Defendant filed his motion for new trial on July 17, 1964. This was not within 10 days after the judgment was rendered (April 29, 1964) as provided by 12 O.S.1961, Sec. 653, and was during the following term of court.

This court has held that the district court has full control of judgments rendered by it during the term in which they are rendered, but after the term the court loses control over a judgment and is without jurisdiction to vacate, modify or set aside the same, unless there is substantial compliance with 12 O.S.1961, Sec. 1031 et seq. Key v. Key, Okl., 388 P.2d 505; Harder v. Woodside, 196 Okl. 449, 165

P.2d 841; and In re Baptist General Convention of Oklahoma, 201 Okl. 215, 203 P.2d 885.

■ The judgment is valid on its face. A judgment valid on its face can be successfully attacked only within the time and in the manner provided by law, or by motion or petition to vacate or modify the same as provided by 12 O.S.1961, Sec. 1031 et seq. Walker v. Gulf Pipe Line Co., 102 Okl. 7, 226 P. 1046.

■ The motion of defendant for a new trial does not substantially comply with 12 O.S.1961, Sec. 1031 et seq., for the reason that it fails to allege the defense that the defendant had to the plaintiff's action.

Title 12 O.S.1961, Sec. 1035, provides, in part, that a judgment shall not be vacated on *motion* or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered.

■ In Methvin v. Mutual Savings & Loan Ass'n, 180 Okl. 80, 67 P.2d 792, 793, it is stated:

"In Carlin et ux. v. Prudential Ins. Co. of America, 175 Okl. 398, 52 P. (2d) 721, 722, we said: 'Merely pleading and establishing some of the grounds authorized in section 556, supra, (12 O.S. 1961, Sec. 1031) for the vacation of a judgment is not sufficient to warrant the vacation thereof. This court has uniformly held that a valid defense or cause of action is a condition precedent to the vacation of a judgment upon any grounds, except the lack of jurisdiction. In re Bruner's Estate, 125 Okl. 101, 256 P. 722, and numerous authorities there cited. And the court must adjudge that such defense or cause of action is prima facie valid. Oklahoma R. Co. v. Holt, 161 Okl. 165, 17 P. (2d) 955.

"Furthermore, it is not sufficient to merely plead that a valid defense exists. The facts upon which that defense is based must be alleged, and then such allegations must be supported by evidence sufficient, if believed, to constitute a defense. * * *"

In Re Bruner's Estate, 125 Okl. 101, 256 P. 722, we stated:

"It is a condition precedent to the vacation, on motion or petition, of a judgment, because irregularly rendered, that it be adjudged that there is a valid defense to the action, or that there is a valid cause of action."

And in Moran v. City Nat. Bank of Lawton, 183 Okl. 308, 82 P.2d 682, we held:

"A party who seeks the vacation of a judgment after the term at which it was rendered must allege and prove that he has a valid cause of action or defense, and, to entitle him to relief, the court must adjudge that such cause of action or defense is prima facie valid."

■ This court will not reverse an order of the trial court denying a motion or petition to vacate a judgment, not void, where the appellant did not plead and prove in the trial court a valid defense if a defendant, or a valid cause of action if a plaintiff. United Bonding Insurance Company v. State, Okl., 373 P.2d 64.

Affirmed.