**NORGE GAS CORPORATION, a corporation, Oklahoma Natural Gas Company, a corporation, Magnolia Petroleum Company, a corporation, Skelly Oil Company, a corporation, and the Carter Oil Company, a corporation, Plaintiffs in Error,**

v.

**OKLAHOMA TAX COMMISSION, Defendant in Error.**

No. 42062.

Supreme Court of Oklahoma.

July 8, 1969.

Rehearing Denied June 2, 1970.

James L. Kincaid, Frederic Dorwart, Lupardus, Holliman & Huffman, Tulsa, for plaintiffs in error.

Albert D. Lynn, E. J. Armstrong, R. O. Ingle, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

In July, 1958, plaintiffs in error, hereinafter referred to as "plaintiffs", instituted the present action to recover an additional assessment of gross production taxes paid defendant in error, hereinafter referred to as "defendant", on natural gas produced in the Chickasha Gas Field during the year June 1, 1956, to June 1, 1957.

In their Second Amended Petition, filed in this action during October, 1958, plaintiffs alleged that one of them, Norge Gas Corporation, hereinafter referred to, individually, as "Norge", was the purchaser of the gas, and that the other four plaintiffs were its producers, when defendant made the additional assessment on the basis of an asserted value for said gas of 10¢ per M c. f. The amended petition inferred that the gas was low-pressure gas, produced in the shallow part of said field. In its paragraphs "9" and "10", this pleading alleged the following:

"9. During the period from June 1, 1956, through June 30, 1957, Norge was the sole wellhead purchaser of low-pressure (75 to 100 pounds per square inch gauge) gas produced in the Shallow Chickasha gas field in Grady County, Oklahoma. As a result of arm's-length bargaining with producers of low-pressure gas in this field, Norge agreed to pay and did pay during this period an average price of 4.853¢ per M c. f. (thousand cubic feet).

"10. The actual value at the wellhead of low-pressure Shallow Chickasha (produced in the Shallow Chickasha gas field) gas during this period was 4.7121¢ per M c. f."

Following the above-quoted portions, plaintiffs' amended petition alleged the facts concerning Norge's payment of the gross production tax for that year on the basis of the alleged value of 4.853¢ per M c. f., the defendant's subsequent proposal to assess such tax on the basis of the higher value of 10¢ per M c. f., the later filing of plaintiffs' protest with defendant, and the hearings before the defendant, which followed said protest. Plaintiffs' amended petition further alleged that, at the close of the hearings on their protest, the de-

fendant entered its order of May 26, 1958, denying said protest and assessing the additional gross production tax, which was later paid by Norge.

Paragraph "16" of plaintiffs' Amended Petition alleged the following:

"16. The Oklahoma gross production tax, 68 O.S.1951 §§ 821–42, must be computed on the basis of the value at the wellhead of the gas produced. The wellhead value of the Shallow Chickasha gas with respect to which the disputed additional gross production taxes have been assessed by the Oklahoma Tax Commission during the period in question was 4.853¢ per M c. f., and Plaintiff Norge paid gross production taxes with respect to such gas purchased by it on the basis of a price of 4.853¢ per M c. f., in discharge of Norge's own liability therefor under 68 O.S.1951 § 833, and on behalf of the producer-plaintiffs and all other producers from which Norge purchased gas. The assessment of additional gross production taxes by the Oklahoma Tax Commission in its Order No. 43621 in Case No. 3159, entered on May 26, 1958, was therefore erroneous and contrary to law, and plaintiffs are entitled to recover from the Oklahoma Tax Commission the sum of $3,546.60 paid under protest, with interest at 3% per annum from June 5, 1958, to the date of this Court's final order."

The answer the defendant thereafter filed set forth, among other things, an express denial of the above-quoted paragraphs numbered 9, 10 and 16 of plaintiffs' Second Amended Petition.

The above is indicative of the issues that were joined in the case (including a reply subsequently filed) when it was finally placed on the District Court's docket of March 23, 1964. On that date, neither plaintiffs, nor defendant, appeared; and the Court entered his order dismissing the case for failure to prosecute it.

Approximately 9 months later, or on December 30, 1964, plaintiffs filed one pleading entitled: "MOTION TO VACATE ORDER", and another entitled: "PETITION TO VACATE ORDER". In both pleadings, they alleged that the above-mentioned court order of the previous March was entered without notice, and in violation of various statutes and court rules cited therein, and set forth other allegations citing certain grounds upon which entry of said order entitled them, in that manner, to invoke the power specifically granted district courts of this State, by Tit. 12, O.S.1961, § 1031, to vacate their "own judgments or orders, at *or after* the term at which such judgment or order was made: * * *". (Emphasis added).

When the above-described judgment-vacation pleadings came on to be heard in February, 1966, plaintiffs made a lengthy offer of proof in support of various grounds, set forth in those pleadings, for vacating the court's previous order of dismissal; and the court took judicial notice of their Second Amended Petition and all of the proceedings in the case previous to the order of dismissal; but plaintiffs made no offer of evidence in support of said amended petition, or tending to show whether, or not, they had a valid cause of action against defendant. The court overruled both the motion to vacate and the petition to vacate, and, after the filing, and the overruling, of their motion for a new trial, charging the court with errors in said ruling, plaintiffs lodged the present appeal.

The burden, which plaintiffs appear to assume in their arguments for reversal, pertains, almost exclusively, to showing that the judgment and/or order they sought to vacate was entered without notice; but they fail to demonstrate that it was void on its face, or was rendered void by fraud, or any other characteristic that would subject it to being regarded as a "dead limb upon the judicial tree" under the principles enunciated in Pettis v. Johnston, 78 Okl. 277, 190 P. 681 (see the discussion in Murphy v. Walkup, Okl., 258 P.2d 922, 927, 928), or would exempt proceedings to vacate it from the requirements of Tit. 12,

O.S.1961, § 1035. As held in Fowler v. Goldfeder, Okl., 418 P.2d 317:

"A party who seeks the vacation of a judgment *after the term at which it was rendered* must allege and prove that he has a valid cause of action or defense, and, to entitle him to relief, the court *must adjudge* that such cause of action or defense is prima facie valid." (Emphasis added)

In the cited case, after showing that the defendant's motion for a new trial could not be considered as a motion, or petition, *to* vacate filed within the same term of court as the judgment sought to be vacated, we said:

"This court has held that the district court has full control of judgments rendered by it during the term in which they are rendered, but after the term the court loses control over a judgment and is without jurisdiction to vacate, modify or set aside the same, unless there is substantial compliance with 12 O.S.1961, Sec. 1031 et seq. (Citing cases)

\* \* \* \* \* \*

"A judgment valid on its face can be successfully attacked only within the time and in the manner provided by law, or by motion or petition to vacate or modify the same as provided by 12 O.S. 1961, Sec. 1031 et seq. Walker v. Gulf Pipe Line Co., 102 Okl. 7, 226 P. 1046.

\* \* \* \* \* \*

"Title 12 O.S.1961, Sec. 1035, provides, in part, that a judgment shall not be vacated on motion or petition, *until it is adjudged* that there is a valid defense to the action on which the judgment is rendered.

\* \* \* \* \* \*

"In Methvin v. Mutual Savings & Loan Ass'n, 180 Okl. 80, 67 P.2d 792, 793, it is stated:

\* \* \* \* \* \*

" 'Furthermore, it is not sufficient to merely plead that a valid defense exists. The facts upon which that defense is based must be alleged, and *then such allegations must be supported by evidence* sufficient, if believed, to constitute a defense. \* \* \* '

"In Re Bruner's Estate, 125 Okl. 101, 256 P. 722, we stated:

" '*It is a condition precedent* to the vacation, on motion or petition, of a judgment, because irregularly rendered, *that it be adjudged* that *there is a valid cause of action.*'

"And in Moran v. City Nat. Bank of Lawton, 183 Okl. 308, 82 P.2d 682, we held:

" ' 'A party who seeks the vacation of a judgment after the term at which it was rendered must allege *and prove that he has a valid cause of action* or defense, *and*, to entitle him to relief, *the court must adjudge that such cause of action* or defense *is prima facie valid.*' " (Emphasis added)

In Turner v. Dexter, 172 Okl. 252, 44 P.2d 984, we held:

"3. The trial court is prohibited from vacating a judgment until it is adjudged that there is a valid defense to the action, and a valid defense is a condition precedent to vacate a judgment. The *trial court must hear and determine the facts* presented by the pleadings *and must determine* that a statutory ground exists for vacating a judgment, and, in addition, *that there exists* a valid defense, or *a valid cause of action*, and the trial court is authorized to hear testimony from both parties to the hearing for vacating a judgment as in other cases for the determination of the court without a jury." (Emphasis added)

The decisions referred to in the above quotations, and others, such as Vassar v. Rowland, 199 Okl. 420, 186 P.2d 311, are all in accord with decisions of the Supreme Court of Kansas, from which State Oklahoma adopted Sections 1031 and 1035 (Tit. 12, supra), and which decisions interpreted said two sections of the statutes *together,* prior to such adoption. See Brown v. Dann, 78 Kan. 211, 97 P. 862; Schuler v. Fowler, 63 Kan. 98, 64 P. 1035, and other cases cited in footnote 103, Dassler's Kansas

Civil Code, Ann., 2d Ed., Ch. 78, § 33, p. 1452.

Plaintiffs make no claim that different principles should apply to a judgment, or order, of dismissal than are applied to other judgments sought to be vacated under Section 1031, supra; and other courts have made no such distinction. See Woodard v. Huggins, 81 Idaho 588, 347 P.2d 993, and 24 Am.Jur.2d, "Dismissal, Discontinuance, and Nonsuit", § 89.

In the present case, the record reflects no offer by plaintiffs of any evidence in support of their Second Amended Petition, to enable the trial court to determine whether they had a valid, or justiciable, cause of action, or not. Accordingly, and in view of the foregoing, we hold that they did not comply with the conditions precedent for invoking said court's judgment-vacation powers. The trial court's order and/or judgment overruling plaintiffs' motion, and petition, to vacate its previous order and/or judgment is therefore affirmed.

BERRY, V. C. J., and DAVISON, WILLIAMS, JACKSON, HODGES and LAVENDER, JJ., concur.

McINERNEY, J., dissents.