**CAPITOL FEDERAL SAVINGS BANK,** formerly **Capitol Federal Savings and Loan Association, a corporation, Appellee,**

v.

**Norman N. BEWLEY, et al., Appellant.**

**No. 69801.**

Supreme Court of Oklahoma.

July 24, 1990.

As Corrected Aug. 16 and Sept. 4, 1990.

Marianne Shimanek Ratliff, J. David Rambo, J. David Rambo, P.C., Norman, for appellant.

Jay B. Williams, Virginia K. Johnston, Jones, Blaney & Williams, Oklahoma City, for appellee.

DOOLIN, Justice.

Appellant, Norman N. Bewley ("Bewley"), and others entered into a loan transaction with Capitol Federal Savings Bank ("Capitol Federal") in which a promissory note and real estate mortgage was executed. Appellee, Northwest Federal Savings and Loan Association ("Northwest"), is the successor by merger to Arrowhead Federal Savings and Loan Association, which was the successor in interest to Capitol Federal. The promissory note was subsequently defaulted and Capitol Federal initiated an action on the note and foreclosure proceedings on the mortgage naming Bewley as a defendant.

Although personally served with summons and petition, Bewley did not enter an appearance in the foreclosure proceedings. On December 16, 1985, judgment was entered in favor of Capitol Federal and the foreclosed property was sold in a Sheriff's sale. Capitol Federal subsequently filed a motion for deficiency judgment under 12 O.S.1981, § 686.[1] Notice of the motion was sent to the wrong address and never received by Bewley. The motion itself was also defective in that it did not specify a date, time, or place at which the motion was to be heard. Bewley failed to file a response to the motion and the deficiency judgment was entered against him by default on June 13, 1986.

It is not disputed that Bewley had no knowledge or notice of the court proceed-

ing regarding the motion for deficiency judgment. In fact, Bewley asserts he had no knowledge that the deficiency judgment had been entered against him until he was served with an order to appear at an asset hearing in October of 1986. Bewley failed to appear at the asset hearing and the trial court issued a contempt citation ordering Bewley to appear at a show cause hearing on November 6, 1986. Bewley also failed to appear at that hearing.

On August 21, 1987, Bewley filed a motion to vacate the deficiency judgment asserting that at the time the judgment was entered he had no legal or actual notice of the deficiency proceeding, no knowledge the deficiency judgment was being sought by Capitol Federal, or that any further legal proceedings were being held which affected his rights in any way. After conducting a hearing, the trial court denied Bewley's motion to vacate the deficiency judgment. Bewley subsequently appealed and the Court of Appeals, Division No. 2, affirmed the district court's decision.

## I.

■ The Court of Appeals found the issue to be whether the deficiency judgment was void or voidable. The court correctly stated that a void judgment may be attacked at any time,[2] and that a judgment which is voidable may be successfully attacked only if the requirements prescribed in 12 O.S.1981, § 1031 are met.[3] The court

---

1. 12 O.S.1981, § 686 provides in part: "... Simultaneously with the making of a motion for an order confirming the sale or ... within ninety (90) days after the date of sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the

amount owing by the party liable as determined by the judgment with interest, plus costs and disbursements of the action plus the amount owing on all prior liens and encumbrances with interest, less the market value as determined by the court or the sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale ... shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

2. 12 O.S.1981, § 1038 provides: "... A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

3. *Fowler v. Goldfeder,* 418 P.2d 317, 319 (Okl. 1966), 12 O.S.1981, § 1031 provides: "The district court shall have power to vacate or modify its own judgments or orders within the times

held that the judgment was not void on its face but merely voidable, and thus could only be successfully attacked within the time limits of § 1031. The court found the judgment voidable because extrinsic evidence was required to show the judgment's invalidity and as such Bewley was required to show a valid defense under 12 O.S.1981, § 1035 in order for the deficiency judgment to be vacated.[4] Since it was undisputed that Bewley never raised any defense to the action, the Court of Appeals held that the deficiency judgment could not be vacated and affirmed the district court's denial of Bewley's motion to vacate the deficiency judgment.

The court's reasoning ignores Bewley's right to due process of law as required by the Constitution.[5] Due process requires that life, liberty or property not be deprived by adjudication unless preceded by notice and an opportunity for a hearing appropriate to the nature of the action.[6] The opportunity to be heard is the fundamental requisite of due process of law.[7] This opportunity is wholly worthless without notification of the occasion requiring it to the person whose rights are affected so that he may decide for himself whether to appear or default.[8] The record clearly shows that Bewley was denied an opportunity to be heard, or to decide for himself to default, on Capitol Federal's motion for deficiency judgment.

The Court of Appeals cited *Union Texas Petroleum v. Corporation Commission*[9] in support of its position that the mailing of notice to an incorrect address is only a voidable error. We believe the court's reading of *Union Texas* is erroneous. In that case there were several parties, two of which moved to vacate a judgment on the grounds that they had not received notice of the action. The Court of Appeals cited the case as similar because notice to one of the parties had been mailed to the wrong address. However, publication notice was also employed by the appellee in that case and a crucial fact, apparently overlooked by the Court of Appeals, was that the party in *Union Texas* was actually notified of the claims against it and in fact, appeared in the action. As to that party's claim we stated:

"A mere defect in formal style or nomenclature will not invalidate service of process unless it actually resulted in failure to give notice, as can be discerned from the excerpts from *Mullane* which demonstrate the inquiry is centered on what steps are necessary to impart actual notice, and not formalistic ritual of service

---

prescribed hereafter. First. By granting a new trial for the cause, within the time and in the manner prescribed in Section 653 of this title. * * * Third. For mistake, neglect or omission of the clerk of irregularity in obtaining a judgment or order. * * * "

**4.** *Moran v. City Natl. Bank,* 183 Okl. 308, 82 P.2d 682 (1938); *United Bonding Ins. Co. v. State ex rel. Patrick,* 373 P.2d 64 (Okl.1962); 12 O.S.1981, § 1035 provides: "A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered, ..."

**5.** U.S. Const. amend. XIV, § 1, provides: "... No State shall ... deprive any person of life, liberty, or property, without due process of law ..."; *See also,* Okla. Const. art. 2, § 7 which provides: "No person shall be deprived of life, liberty, or property, without due process of law."

**6.** *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), *Groppi v. Leslie,* 404 U.S.

496, 92 S.Ct. 582, 30 L.Ed.2d 632 (1972); *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *See also Bomford v. Socony Mobil Oil Co.,* 440 P.2d 713 (Okl.1968); *Cate v. Archon Oil Co., Inc.,* 695 P.2d 1352 (Okl.1985); *State v. Mauldin,* 602 P.2d 644 (Okl.1979); *In re White's Estate,* 175 Okl. 439, 52 P.2d 1074 (1936); *Greco v. Foster,* 268 P.2d 215 (Okl.1954).

**7.** *Grannis v. Ordean,* 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914).

**8.** *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); *Anderson Natl. Bank v. Luckett,* 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 692 (1944); *Union Texas Petroleum v. Corporation Commission,* 651 P.2d 652, 658 (Okl.1981), *cert. denied,* 459 U.S. 837, 103 S.Ct. 82, 74 L.Ed.2d 78 (1982).

**9.** *Union Texas, supra* note 8, at 658.

of process." [10]

The instant case is distinguished by the fact that Bewley never received notice of the deficiency proceedings until after a judgment was rendered against him. This situation is analogous to that of the second party which moved to vacate the judgment in *Union Texas*. That party had not been mailed notice and was never actually notified of the action against it. With respect to that party, this Court held the order's attempt to adjudicate the party's rights was "ineffective, and a nullity insofar as it purport[ed] to affect its interests." [11] We therefore conclude that any reliance placed on *Union Texas* by the Court of Appeals in finding that the judgment was voidable as opposed to void is misplaced and erroneous.

■ A void judgment is one that is void on the face of the judgment roll. [12] A judgment is not void on its face if extrinsic evidence is necessary to establish its invalidity. [13] The deficiency judgment in this case is void on its face. No extrinsic evidence is required to establish the invalidity of the deficiency judgment. The record clearly fails to establish that Bewley received notice of the deficiency proceedings. Therefore, applying the reasoning of the Court of Appeals, the deficiency judgment is void on its face, and a finding by either court below that the judgment was voidable is in error.

## II.

■ Appellee further alleges that because the district court acquired jurisdiction over Bewley in the original foreclosure proceeding further notice was not required for the subsequent deficiency proceedings. Whether notice of subsequent proceedings is required after a court has acquired jurisdiction by original process is a matter of discretion. [14]

The Oklahoma statutes require notice before a deficiency judgment may be entered. 12 O.S.1981, § 686 specifically provides:

"Simultaneously with the making of a motion for an order confirming the sale or ... within ninety (90) days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment *upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action.*" [emphasis added] [15]

The deficiency judgment was entered against Bewley in clear violation of this statute and is therefore, void as a matter of law.

Section 1038 of Title 12 of the Oklahoma Statutes provides that "[a] void judgment may be vacated at any time, on motion of a party, or any person affected thereby." [16] Under the statute, the district court had the authority to vacate the deficiency judgment and we hold that the record in this case clearly shows that the court should have exercised this authority.

The deficiency judgment rendered against Bewley is in clear violation of the Constitution of the United States and of the laws of the State of Oklahoma. We must uphold the Constitution as the supreme law of the land and, of course, the law of our State as enacted by the Legislature, and thus the deficiency judgment in its present form cannot stand. We therefore REVERSE the judgment of the dis-

**10.** *Id.* See also *Howell v. Blue Cross and Blue Shield of Okla.,* 609 P.2d 1283 (Okl.1980) (held one having actual notice is not prejudiced by failure to receive statutory notice); *First Natl. Bank v. Okla. Savings and Loan Bd.,* 569 P.2d 993 (Okl.1977).

**11.** *Union Texas,* at 659.

**12.** *Scoufos v. Fuller,* 280 P.2d 720, 725 (Okl. 1954); *Pettis v. Johnston,* 78 Okl. 277, 190 P. 681 (1920); *Crowther v. Schoonover,* 130 Okl. 249, 266 P. 777 (1928).

**13.** *Scoufos,* at 725.

**14.** *Archon, supra,* n. 6.

**15.** 12 O.S.1981, § 686; *See, Selby v. Kelly Rae Apartments, Inc.,* 634 P.2d 1303, 1305 (Okl.1981) (A lien creditor is not entitled to a deficiency under Section 686 unless notice is given).

**16.** 12 O.S.1981, § 1038.

trict court and the deficiency judgment entered against Bewley is hereby vacated.

OPALA, V.C.J., and HODGES, ALMA WILSON and KAUGER, JJ., concur.

HARGRAVE, C.J., and SUMMERS, J., concur in result.

LAVENDER and SIMMS, JJ., dissent.